**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Domingo Valdez MARTINEZ,**
**Defendant–Appellant.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Guadalupe CASTRO, Defendant–**
**Appellant.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Raul YBARRA, Defendant–Appellant.**

**Nos. 91–8119, 91–8120 and 91–8121**
**Summary Calendars.**

United States Court of Appeals,
Fifth Circuit.

Dec. 23, 1991.

John T. Anderson, Graves, Dougherty, Hearon & Moody, Austin, Tex., (Court-appointed), for defendant-appellant Martinez.

James Chrisman Phillips, (Court-appointed), Daniel Jordan, Morehead & Johnson, (Co–Counsel), Austin, Tex., for defendant-appellant Castro.

Travis R. Phillips, Austin, Tex., (Court-appointed), for defendant-appellant Ybarra.

LeRoy M. Jahn, Robert Pitman, Asst. U.S. Attys., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for U.S.

Before JOLLY, DAVIS and SMITH, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

These appeals raise issues concerning the classification of methamphetamine as a Schedule II controlled substance, the double jeopardy implications of sentencing simultaneously under 21 U.S.C. § 841(d) and § 843(b), and a district court's sentencing discretion. We affirm.

### I.

Appellants were charged jointly with illegal manufacture or possession of methamphetamine. Domingo Valdez Martinez (Martinez), Guadalupe Castro Jr. (Castro), and Raul Ybarra (Ybarra) each pled guilty to possession of phenylacetic acid with intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(d). Each defendant conditioned his plea, however, on his ability to challenge the classification of methamphetamine as a Schedule II controlled substance under 21 U.S.C. § 812. The district court sentenced all three defendants to ten years imprisonment and three years supervised release for their § 841(d)

convictions. Martinez also pled guilty to an additional charge of using a telephone to facilitate the commission of a Title 21 felony, in violation of 21 U.S.C. § 843(b). For this the district court sentenced Martinez to an additional four years imprisonment, to run consecutively with the ten-year sentence above. All three defendants filed timely notices of appeal.

### II.

■ All three appellants maintain that their indictment fails to state an offense because methamphetamine has been removed from Schedule II as a controlled substance. Appellants ground their challenge in the availability for over-the-counter sale of the products known by the trade names Rynal and Vicks Inhaler. Each of those products contains an isomer form of methamphetamine.

Under 21 U.S.C. § 811(g)(1), the Attorney General "shall by regulation exclude any non-narcotic substance from a schedule if such substance may, under the Federal Food, Drug and Cosmetic Act, be lawfully sold over the counter without a prescription." The Attorney General delegated his authority under this statute to the Drug Enforcement Administration (DEA) in 1973. 38 Fed.Reg. 18380 (1973); 28 C.F.R. § 0.100(b). In 1976 the DEA removed Rynal and Vicks Inhaler from the list of non-narcotic substances, even though they contain, respectively, dl-methamphetamine hydrochloride and l–deoxyephedrine, diluted isomers of methamphetamine. 21 C.F.R. § 1308.22 (1976).[1] Appellants contend that the descheduling of these forms of methamphetamine extends to all forms of methamphetamine because § 811(g) provides only for the exclusion of a "substance," and methamphetamine is the "substance" at issue, not just Rynal or Vicks Inhaler.

The Eighth and Ninth Circuits have addressed this precise issue and held that the DEA's descheduling of Rynal and Vicks Inhaler did not amount to a descheduling of methamphetamine in general. *United*

---

1. Rynal has since been deleted from the list of substances descheduled under § 811(g). *See* 21 C.F.R. § 1308.22 (1991), which lists only Vicks Inhaler.

*States v. Durham,* 941 F.2d 886, 889–90 (9th Cir.1991); *United States v. Caperell,* 938 F.2d 975, 978–79 (9th Cir.1991). *United States v. Roark,* 924 F.2d 1426, 1428 (8th Cir.1991); *United States v. Branch,* 943 F.2d 1313 (5th Cir.1991) (unpublished) (relying on *Roark*).

We agree with our sister circuits on this issue. The court in *Caperell,* in answering the same argument appellants advance here stated:

> Rynal contains methamphetamine with a potency of .11 grams per 50 milliliters. We do not construe section 811 or its legislative history as evincing an intent of Congress that the Attorney General exclude all forms of methamphetamine from the criminal schedules of controlled substances simply because certain inert or nonabusive substances containing methamphetamine have been approved by the FDA for sale over the counter.

Because methamphetamine is still properly classified as a Schedule II controlled substance, appellants' challenge to their § 841(d) convictions fails.

### III.

Appellant Martinez contends that his consecutive sentences under §§ 841(d) and 843(b) constitute multiple punishments for the same offense and thus violate the rule against double jeopardy.

■ The Double Jeopardy Clause of the Fifth Amendment protects against multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). "The test to determine if two statutes pro-

hibit the same offense is a matter of statutory construction; the court must determine whether each statute requires proof of an additional fact that the other does not. *Blockburger v. United States,* 284 U.S. 299, [304,] 52 S.Ct. 180, [182,] 76 L.Ed. 306 (1932)." *United States v. Webb,* 796 F.2d 60, 63 (5th Cir.1986), *cert. denied,* 479 U.S. 1038, 107 S.Ct. 894, 93 L.Ed.2d 846 (1987). Martinez contends that his conviction for use of a telephone to facilitate possession of the precursor chemical in this case and his conviction for possession of the precursor chemical did not require proof of separate facts. Martinez misapprehends the *Blockburger* test. "[T]he *Blockburger* test is to be applied to the elements of proof required by the *statute* and not to the actual evidence or proof adduced at trial in a given case." *Davis v. Herring,* 800 F.2d 513, 517 (5th Cir.1986) (emphasis added).

■ Martinez's two offenses of conviction require different elements of proof. Conviction under § 843(b) requires proof that a defendant knowingly and intentionally used a communications facility to facilitate the commission of a narcotics offense.[2] *United States v. Phillips,* 664 F.2d 971, 1032 (5th Cir. Unit B Dec.1981), *cert. denied,* 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982). A conviction under § 841(d), however, requires proof that a defendant knowingly and intentionally possessed a precursor chemical with intent to manufacture a controlled substance.[3] Thus not every violation of § 843(b) constitutes a violation of § 841(d), and vice versa. Martinez could be convicted under § 843(b) had he used the telephone to facilitate ei-

---

**2.** Section 843(b) provides that:

> It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II of this chapter. Each separate use of a communication facility shall be a separate offense under this subsection. For purposes of this subsection, the term "communication facility" means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and

> includes mail, telephone, wire, radio, and all other means of communication.

21 U.S.C.A. § 843(b) (West 1981).

**3.** Section 841(d) provides in relevant part:

> (d) Any person who knowingly or intentionally—
>
>     (1) possesses a listed chemical with intent to manufacture a controlled substance except as authorized by this subchapter;
>
> . . . . .
>
> shall be fined in accordance with Title 18, or imprisoned not more than 10 years, or both.

21 U.S.C.A. § 841(d) (West Supp.1991).

ther Castro's or Ybarra's possession of phenylacetic acid, without ever possessing the chemical himself. *United States v. Rey*, 641 F.2d 222 n. 6 (5th Cir. Unit A March 1981), *cert. denied*, 454 U.S. 861, 102 S.Ct. 318, 70 L.Ed.2d 160 (1981). Likewise, Martinez obviously could have possessed the precursor chemical without ever using the telephone. Thus Martinez's two convictions do not constitute one offense under the *Blockburger* test and his double jeopardy claim fails.

Martinez relies on *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), in arguing for a different result. In *Whalen*, the Supreme Court addressed a District of Columbia law that listed rape as one of six enumerated felonies that could form the predicate to a felony murder conviction. The Court held that Congress did not intend that consecutive sentences be imposed for both rape and felony murder for a killing committed in the course of the rape. Martinez argues that when we look at his specific indictment as the Court looked at the indictment in *Whalen*, Martinez's actions would constitute only one offense. The government does not deny that the identical proof was used to convict Martinez for both the § 841(d) charge (possession of phenylacetic acid with intent to manufacture methamphetamine) and the § 843(b) conviction (use of the telephone to facilitate the § 841(d) offense).

Martinez reads too much into *Whalen*. The majority, in footnote 8, expressly rejects Martinez's argument:

Contrary to the view of the dissenting opinion we do not in this case apply the *Blockburger* rule to the facts alleged in a particular indictment.... We have simply concluded that for purposes of imposing cumulative sentences ... Congress intended rape to be considered a lesser offense included within the offense of a killing in the course of a rape.

Because neither of the offenses for which Martinez was sentenced is a lesser included offense of the other, *Whalen* does not control today's case. *See also United States v. McDonald*, 692 F.2d 376, 379 n. 10 (5th Cir.1982), *cert. denied*, 460 U.S. 1073, 103 S.Ct. 1531, 75 L.Ed.2d 952 (1983).

### IV.

Finally, Martinez contends that his sentence must be vacated because the district court was unaware that it had the discretion to sentence Martinez to concurrent sentences.

The guideline range for Martinez's convictions exceeded the statutory maximum. The district court determined Martinez's offense level to be 36 and his criminal history category to be IV, yielding a sentencing range of 262–327 months imprisonment under the Sentencing Guidelines. The maximum punishment under the appropriate statutes, however, is only 168 months (120 months under § 841(d) and 48 months under § 843(b)). Thus the total maximum statutory sentence is below the minimum guideline sentence. The Sentencing Commission anticipated such an occurrence:

If the sentence imposed on the count carrying the statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects sentences on all counts shall run concurrently, except to the extent otherwise required by law.

U.S.S.G. § 5G1.2(d) (Nov.1990). The district court followed this directive and sentenced Martinez to consecutive sentences of 120 months and 48 months.[4]

---

**4.** At sentencing, Martinez's counsel requested concurrent sentences on the two counts. The district court then sought the government's response to that request, and the following discussion ensued:

   MR. MARSHALL (the prosecutor): Unfortunatey [sic], Your Honor, the maximum range

of punishment under this particular offense level is above the fourteen year statutory maximum. Therefore, the Court is left *under the guidelines application* in position of that particular sentence. The statutory range in the guidelines are two different things in that the guidelines range exceeds the statutory maxi-

Martinez argues that the district court was unaware of its discretion under 18 U.S.C. § 3584 to impose concurrent sentences in his case. Section 3584 provides that multiple sentences imposed on a defendant at the same time may run concurrently or consecutively and that the district court has the discretion to make this decision, taking into account various factors listed in 18 U.S.C. § 3553(a).[5] We have previously addressed the apparent conflict between the seemingly mandatory language of § 5G1.2(d) and the discretion permitted by § 3584. *See United States v. Miller*, 903 F.2d 341 (5th Cir.1990).[6] In *Miller*, the court held that sentencing courts retain at least some discretion under § 3584 to impose a concurrent sentence, but that discretion is limited to the district court's power to depart from the Guidelines. *Id.* at 349.

As in *Miller*, "we can assume that the court's understanding to be that, under the guidelines, consecutive sentences were mandatory." *Id.*, at 345. The district court obviously was familiar with its authority to depart from the Guidelines, having just discussed (and rejected) that possibility when sentencing Ybarra a few minutes before. Also, Martinez made no objection to what he now contends are statements from the court reflecting a belief

that it had no discretion to impose a concurrent sentence. We therefore hold, as in *Miller*, that the district "court still recognized its power to impose concurrent sentences by departing from the guidelines" and that its imposition of consecutive sentences was proper. *Id.*

## V.

Accordingly, the convictions and sentences of all three appellants are AFFIRMED.

---

mum in the particular instance. [Emphasis added.]
THE COURT: The guideline range exceeds—
MR. MARSHALL: —Yes.
THE COURT: —exceeds the statutory maximum?
MR. MARSHALL: Yes, sir; that's because of the amount of phenylacetic acetic acid involved in this felony.
THE COURT: I understand that, but why is it—well, I know it's 120 max.
MR. MARSHALL: Plus forty-eight.
THE COURT: Plus forty-eight.
MR. MARSHALL: Yes, sir.
THE COURT: And they cannot run concurrent?
MR. MARSHALL: No, sir; because the guidelines range is in excess of 168 months.
THE COURT: I see. Cannot run concurrent.

5. Section 3584 provides that:
(a) **Imposition of concurrent or consecutive terms.** If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a

defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.... Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.
(b) **Factors to be considered in imposing concurrent or consecutive terms.** The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).
18 U.S.C.A. § 3584 (West 1985).

6. Although *Miller* concerned § 5G1.3, the relevant language created the same potential conflict with § 3584 as § 5G1.2(d) creates in the present case. The reasoning of *Miller*, therefore, applies with equal force here.