IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20903
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH LEE ADERHOLT,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-93-163-2
- - - - - - - - - -
July 29, 1997

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Kenneth Lee Aderholt appeals his sentence, given by the district court on remand from this court. Aderholt pleaded guilty to conspiracy to commit mail fraud and aiding and abetting mail fraud.

Aderholt argues, for the first time on appeal, that the district court erred by failing to consider the two offenses as one offense pursuant to the grouping scheme of U.S.S.G. § 3D2.1

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and imposing a sentence that was equal to the statutory maximum sentence for a single offense, rather than departing upward from the guidelines and imposing two consecutive statutory-maximum sentences.

The district court retains discretion to impose a concurrent or consecutive sentence when the district court is departing from the guidelines if the departure itself is appropriate. See United States v. Martinez, 950 F.2d 222, 226 (5th Cir. 1991); United States v. Miller, 903 F.2d 341, 346-49 (5th Cir. 1990). A sentencing court may depart upward from the guidelines whenever it finds that an aggravating circumstance exists that was not adequately taken into consideration by the guidelines. 18 U.S.C. § 3553(b). United States v. Anderson, 5 F.3d 795, 803 (5th Cir. 1993).

The district court properly based its departure on § 5K2.1 because of the death that resulted from the mail fraud, articulated sufficient reasons for the upward departure, and imposed a reasonable sentence. See id. Aderholt cannot demonstrate any error, much less plain error that affected his substantial rights, by the district court's imposition of consecutive sentences against him. See United States v. Olano, 507 U.S. 725, 231-37 (1993).

AFFIRMED.