IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31334
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JEROME ARTHUR WHITTINGTON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CR-50092-2
--------------------
September 28, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Jerome Arthur Whittington appeals his sentence following a guilty plea to wire fraud, 18 U.S.C. § 1343.  Whittington raises the following six issues on appeal: (1) whether the district court erred in its "total loss" determination; (2) whether the district court erred in upwardly departing pursuant to U.S.S.G. §§ 3D1.2(d) & 5G1.1; (3) whether the district court erred in denying a three-point reduction pursuant to U.S.S.G. § 3E1.1; (4) whether the district court erred when it sentenced Whittington to a harsher sentence than his codefendant;

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5) whether the district court erred in ordering that restitution be paid to victims other than the victim involved in the counts to which he pleaded guilty; and (6) whether Apprendi precluded sentence enhancement based on facts found by the district court by only a preponderance of the evidence.  For the following reasons, we affirm.

Issues two, four, five, and six were not raised as objections in the district court, and, therefore, they are reviewed for plain error only.  See United States v. Alford, 142 F.3d 825, 830 (5th Cir. 1998).  Plain error requires Whittington to show "(1) an error; (2) that is clear or plain; (3) that affects [his] substantial rights; and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings."  United States v. Vasquez, 216 F.3d 456, 459 (5th Cir.), cert. denied, 531 U.S. 972 (2000).

In his second issue, Whittington complains that the district court erroneously departed upward when it sentenced him to consecutive prison terms because 18 U.S.C. § 1343 does not mandate consecutive sentencing, because the counts to which he pleaded guilty should have been construed as a single offense, and because the district court's decision to upwardly depart was based on prior charges which had been dismissed pursuant to plea agreements.

The district court had authority under 18 U.S.C. § 3584(a) to upwardly depart by imposing consecutive sentences for multiple terms of imprisonment, despite the apparent mandatory nature of U.S.S.G. § 5G1.2.  See 18 U.S.C. § 3584(a) ("Multiple terms of

imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively."); see also United States v. Martinez, 950 F.2d 222, 226 (5th Cir. 1991) (resolving the apparent conflict between 18 U.S.C. § 3584(a) and U.S.S.G. § 5G1.2).

The district court's decision to upwardly depart pursuant to U.S.S.G. § 4A1.3 was appropriate in light of its determination that Whittington's criminal history category did not adequately reflect the seriousness of his past criminal conduct or the likelihood that the he would commit other crimes.  Section 4A1.3(e), moreover, allows the sentencing court to consider "prior similar adult criminal conduct not resulting in a criminal conviction."  The district court's reliance on prior criminal conduct not resulting in a conviction was therefore not improper.

Whittington's argument that he did not receive a "bargain" from his plea agreement as expected is also meritless because he acknowledged in the plea agreement that "the maximum punishment on each count [was] a fine of not more than $240,000 or a term of imprisonment of not more than 5 years (pursuant to 18 U.S.C. § 1343), or both."  Whittington has not demonstrated that the upward departure was plain error.

In his fourth issue, Whittington complains that his sentence was much harsher than that of his codefendant, who he argues was more culpable.  "[A] mere disparity of sentences among codefendants does not, alone, constitute abuse of discretion." United States v. Lemons, 941 F.2d 309, 320 (5th Cir. 1991)

(internal citations and quotation omitted). Whittington has again failed to demonstrate plain error.

In his fifth issue, Whittington argues pursuant to Hughey v. United States, 495 U.S. 411 (1990) that it was error for the district court to order restitution to victims other than the victim involved in the counts to which he pleaded guilty. Hughey held that restitution can be awarded under the Victim and Witness Protection Act (VWPA), 18 U.S.C. § 3663, only for the loss caused by the specific conduct that is the basis of the offense of conviction. 495 U.S. at 413.

To convict Whittington of wire fraud, the Government had to prove a scheme to defraud, rather than specific incidents of fraud limited to individual victims. See 18 U.S.C. § 1343; United States v. Stouffer, 986 F.2d 916, 928 (5th Cir. 1993). Because a fraudulent scheme is an element of Whittington's wire-fraud offense, his actions pursuant to that scheme are conduct underlying the offense of conviction. See Stouffer, 986 F.2d at 928. His indictment, moreover, specifically described the duration of Whittington's scheme and the methods used. See id. The district court's inclusion of all losses caused by the scheme therefore satisfied Hughey's requirement that the district court focus upon only the specific conduct underlying the offense of conviction. See id.; see also United States v. Pepper, 51 F.3d 469, 473 (5th Cir. 1995) (restitution awarded pursuant to VWPA to victims not named in the indictment was proper where fraudulent scheme was an element of the underlying offense). Whittington has failed to establish error, plain or otherwise.

In his sixth issue, Whittington draws an Apprendi v. New Jersey, 530 U.S. 466 (2000) analogy and argues that it was inappropriate for the district court to enhance his sentence based on facts that were found only by a preponderance of the evidence.  Apprendi, however, does not invalidate a sentencing court's factual findings for the purposes of determining the applicable Sentencing Guidelines where those findings do not increase the sentence beyond the statutory maximum.  United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000), cert. denied, 121 S. Ct. 1164 (2001).  The district court did not exceed the maximum sentence on any one of the three counts to which Whittington pleaded guilty, and, therefore, Apprendi is a non-issue.  See, e.g., United States v. White, 240 F.3d 127, 135 (2d Cir. 2001) (Apprendi is not violated where the maximum sentence is not exceeded on any individual count).  Plain error has not been established.

To the extent Whittington raised the issue whether he should receive credit for time served, he failed to brief it, and it is therefore waived.  See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Whittington's first and third issues were raised as objections in the district court.  The district court's interpretation or application of the Sentencing Guidelines is therefore reviewed de novo and its factual findings for clear error.  United States. v. Huerta, 182 F.3d 361, 364 (5th Cir. 1999), cert. denied, 528 U.S. 1191 (2000).

In his first issue, Whittington argues that the district court erred in making its "total loss" determination because the Government supported that determination with evidence uncorroborated by the alleged victims and because the Government erroneously assumed that all deposits made into the defendant's accounts were unearned and thus the result of fraud. We review a district court's loss determination for clear error. United States v. Oates, 122 F.3d 222, 225 (5th Cir. 1997). A district court's loss determination is not clearly erroneous as long as it is plausible in light of the record as a whole. Id.

The Government submitted corroborating evidence of its loss-determination figures via hard copies of banking records. The district court credited Whittington for $12,000 in deposits for which hard copies were unavailable. The district court furthermore reduced the Government's total-loss figure by roughly $80,000 based on the determination that legal services were performed for some individuals and that some restitution had already been paid. Whittington has failed to establish that the district court's loss determination was clearly erroneous simply because each victim was not contacted to corroborate the amount by which each was defrauded.

In his third issue, Whittington argues that the district court erred in refusing to grant him a three-point reduction pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility. Challenges to the denial of a § 3E1.1 acceptance-of-responsibility reduction are reviewed even more deferentially than a pure "clearly erroneous" standard, United States v.

<u>Gonzales</u>, 19 F.3d 982, 983 (5th Cir. 1994), and the defendant has the burden of proof, <u>United States v. Tremelling</u>, 43 F.3d 148, 152 (5th Cir. 1995).

We hold that the unrebutted testimony of Joan Parker was sufficient for the district court to conclude that Whittington was still engaging in fraudulent conduct even while incarcerated for the instant offense, and, therefore, a denial of the three-point reduction was not clearly erroneous.

We therefore AFFIRM the district court.  Whittington's motions to file a corrected brief and reply brief are GRANTED. All other motions filed on behalf of either party are DENIED.