**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 01-51150

---

UNITED STATES OF AMERICA,

 Plaintiff-Appellant,

versus

GILBERT GARCIA, JR.,

 Defendant-Appellee.

---

Appeal from the United States District Court
for the Western District of Texas

---

February 20, 2003

Before WIENER and STEWART, Circuit Judges, and RESTANI, Judge.[*]

CARL E. STEWART, Circuit Judge:

This is an appeal from sentencing in a criminal case. The issue raised on appeal is whether U.S.S.G. § 5G1.2(d) requires that the district court impose consecutive sentences on each count of conviction to achieve the "total punishment" prescribed by the Guidelines. For the following reasons, we hold that § 5G1.2(d) requires that the district court impose consecutive sentences to equal the "total punishment" prescribed by the Guidelines when the maximum sentence required by the

---

[*] Judge, U.S. Court of International Trade, sitting by designation.

substantive criminal statute falls short of the minimum sentence required by the applicable Sentencing Guideline Range. Accordingly, we vacate and remand.

## FACTS AND PROCEDURAL HISTORY

Gilbert Garcia, Jr., ("Garcia") was convicted by a jury of one count of conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count one), and two counts of aiding and abetting the possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (counts three and six). Garcia's offenses involved more than 1,000, but less than 3,000, kilograms of marijuana. Garcia was assigned a base offense level of 32 in accordance with the Sentencing Guidelines. See U.S.S.G. § 2D1.1(c)(4) (relating to drug offenses). The presentence report ("PSR") recommended that Garcia receive a two-level downward adjustment in his offense level because he met the requirements of § 2D1.1(b)(6).[1] Garcia's total offense level of 30, combined with his criminal history category of I, resulted in a Guidelines sentencing range of 97 to 121 months imprisonment. U.S.S.G., Chap. 5, Sentencing Table. The statutory minimum sentence for the felonies of which Garcia was convicted is ten years imprisonment and five years of supervised release, while the statutory maximum is life in prison. See § 841(b)(1)(A). If the Guidelines sentencing range falls below a mandatory minimum set by the substantive criminal statute, the statutorily prescribed minimum sentence generally becomes the appropriate Guidelines sentence. See § 5G1.1(b).[2]

---

[1] § 2D1.1.(b)(6) states:
> If the defendant meets the criteria set forth in subdivisions (1)-(5) of subsection (a) of §5G1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases), decrease by 2 levels.

[2] § 5G1.1.(b) states:
> Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence.

Nonetheless, the PSR recommended that the district court impose a sentence in accordance with the applicable Guidelines because Garcia qualified under the "safety valve" provisions of § 5C1.2 to be sentenced without regard to the statutory minimum sentence.

At sentencing, the district court agreed that Garcia qualified under the "safety valve" provisions of § 5C1.2. and sentenced him to 97 months imprisonment, followed by five years of supervised release for each of the counts of which he was convicted, to run concurrently. Although various members of Garcia's family testified at the sentencing hearing regarding Garcia's high moral character, the district court "[found] no legal grounds for departure from the sentence that [was] called for by the guidelines."

On appeal, this Court affirmed Garcia's convictions, but vacated his sentence because "[u]nder Apprendi, '[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" United States v. Garcia, 242 F.3d 593, 599 (5th Cir. 2001) (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)). For a drug conviction involving more than 1000 kilograms of marijuana, § 841 (b)(1)(A) requires a statutory minimum sentence of 10 years followed by a minimum term of supervised release of five years. As a result, this Court held that the jury did not determine the quantity of drugs involved in Garcia's case, and therefore, § 841(b)(1)(D), "the default sentencing provision for a marijuana conviction," rather than § 841(b)(1)(A), was the applicable penalty provision under Apprendi. Id. Noting that the statutory maximum sentence under § 841(b)(1)(D) is 60 months in prison followed by three years of supervised release, this Court vacated Garcia's sentence and remanded the matter for resentencing. Id. at 600.

3

Upon remand, Garcia's offense level and criminal history category remained the same; that is, his offense level was 30 and his criminal history category was I. This combination again yielded a Guidelines sentencing range of 97 to 121 months of imprisonment. See U.S.S.G., Chap. 5, Sentencing Table.[3] The district court noted that there was a "60-month cap on each count." Garcia objected, arguing that this Court's decision vacating his sentence mandated that his total sentence equal 60 months of imprisonment. The Government countered that because the statutory maximum on any one count was 60 months and thus less than the Guidelines range of 97 months, the district court was obligated to sentence Garcia to 60 months on count one and to a consecutive 37-month sentence on counts three and six under § 5G1.2(d).

The district court, however, decided that the issue "[came] down to whether the Court wishes to give a concurrent or consecutive sentence." Accordingly, the district court sentenced Garcia to 60 months on each count, to run concurrently. The district court stated:

> I think I could have, Mr. Garcia, given you the original sentence by running this consecutive, but I am going to give you the benefit of a doubt and I am going to go ahead and give you 60 months on each count to run concurrent, which reduces it substantially, but I hope you have learned from this and this will be the last time you are in court.

The Government now appeals.

## DISCUSSION

This Court reviews the district court's application of the Sentencing Guidelines de novo. United States v. Moore, 997 F.2d 30, 34 (5th Cir. 1993). Section 5G1.2(d) of the Sentencing Guidelines states:

---

[3]It appears that the PSR was not revised to reflect a new offense level and criminal history category in light of Garcia, 242 F.3d 593 (5th Cir. 2001). Nonetheless, the parties did not dispute this fact in their briefs or raise it as an issue on appeal.

4

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts <u>shall run consecutively</u>, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

§ 5G1.2.(d) (emphasis added). The total punishment is "calculated from the Guidelines Sentencing Table by correlating the appropriate criminal history category ... with the defendant's combined offence level." <u>United States v. Martinez</u>, 274 F.3d 897, 904 (5th Cir. 2001) (internal quotations and citations omitted). The total punishment for Garcia's convictions requires a minimum of 97 months of imprisonment, yet the statutory maximum term of imprisonment for counts one and three is 60 months each.

The Government argues that the district court erred because a 60-month sentence does not comport with the Guidelines and would "basically be a downward departure." Garcia counters that the district court had discretion to impose concurrent sentences under <u>United States v. Vasquez-Zamora</u>, 253 F.3d 211 (5th Cir. 2001).[4] In <u>Vasquez-Zamora</u>, the defendant pleaded guilty to possession with intent to distribute marijuana (count one) and to conspiracy to possesses with intent to distribute marijuana (count two). 253 F.3d at 213. The district court sentenced the defendant to 65 months as to each count, to run concurrently, and five years of supervised release. <u>Id</u>. at 213-14. This Court affirmed the conviction but vacated the sentence under <u>Apprendi</u>. This Court further found that the defendant's sentence could not exceed 60 months on each count and that the district court had

---

[4]Garcia also asserts that the Government is precluded from raising this issue by the law-of-the-case doctrine. This assertion is without merit because this Court did not address whether the district court could impose consecutive or concurrent sentences. Furthermore, the issue presented by this appeal "arises out of the correction of the sentence ordered by this court," and therefore, is properly before this Court on appeal. <u>See</u> <u>United States v. Marmolejo</u>, 139 F.3d 528, 531 (5th Cir. 1998).

discretion to impose consecutive or concurrent sentences under § 841(b)(1)(D). Id. at 213. The Government argued that in the alternative, the 65-months prison term was harmless error because the district court could have imposed consecutive terms consistent with § 5G1.2(d). Id. at 214. This Court rejected the Government's argument, concluding that:

> While the district court could have imposed consecutive prison terms for each count of the indictment, it found concurrent terms of sixty-five months incarceration for both counts appropriate punishment for Vasquez. Because the district court has discretion under the applicable statutes and sentencing guidelines to fashion a penalty that combines terms of imprisonment with periods of supervised release, we vacate Vasquez's prison term and remand it for resentencing with his term of supervised release.

Id. This Court preserved the district court's discretion to decide whether to impose concurrent or consecutive sentences so long as the statutory maximum does not conflict with the minimum total punishment required by the Guidelines. This Court has yet to address whether § 5G1.2(d) requires the district court to impose consecutive sentences when the statutory maximum does not reach the minimum punishment required by the Guidelines.

The Guidelines are clear, however, that where the statutory maximum is less than the minimum total punishment required by the Guidelines, the district court shall impose consecutive sentences to the extent necessary to meet the minimum total punishment. We are bound by the holding in United States v. Martinez, 950 F.2d 222, 225 (5th Cir. 1991). In Martinez, the district court imposed consecutive sentences under § 5G1.2(d) because the maximum statutory sentence was below the minimum Guidelines sentence. The defendant appealed, arguing that, the district court was unaware that it had discretion under 18 U.S.C. § 3584, to impose concurrent sentences. 950 F.2d at 225-26; see § 3584 (providing that "[m]ultiple terms of imprisonment imposed at the same time run

6

concurrently unless the court orders or the statute mandates that the terms are to run consecutively"). This Court acknowledged "the apparent conflict between the seemingly mandatory language of § 5G1.2(d) and the discretion permitted by § 3584." See id. at 226. This Court resolved the conflict and held "that sentencing courts retain at least some discretion under § 3584 to impose a concurrent sentence, but that discretion is limited to the district court's power to depart from the Guidelines." See id. This Court concluded that the district court's imposition of consecutive sentences under § 5G1.2(d) was proper and that the district court had "recognized its power to impose concurrent sentences by departing from the guidelines." Id. at 226 (internal quotations and citations omitted). In short, the district court can exercise its discretion so long as it does not conflict with § 5G1.2(d). In the instant case, the district court's decision to impose concurrent sentences of 60 months conflicts with the minimum sentence required under the Guidelines (97 months) and therefore, is prohibited by § 5G1.2(d).

The sentence imposed on count one is less than the total punishment required by the Guidelines. In order to comply with the plain language of the statute, the district court should have imposed a maximum of 60 months imprisonment for count one and a consecutive sentence for counts three and six to equal a total punishment of at least 97 months. See § 5G1.2(d);see also United States v. Cathey, 259 F.3d 365, 367 (5th Cir. 2001) (explaining the district court applied a consecutive sentence consistent with § 5G1.2(d) because it "dictates consecutive sentences when the individual sentences are less than the total punishment prescribed by the Guidelines.").

<u>Conclusion</u>

Given the mandatory language in U.S.S.G. § 5G1.2(d) and this Court's decision in <u>Martinez,</u> 950 F.2d 222 (5th Cir. 1991) the district court was required to impose consecutive sentences because

the highest statutory maximum for each conviction was 60 months imprisonment, which was less than the minimum sentence of 97 months under the Guidelines. Additionally, the district court must correct the written judgment for five years supervised release to reflect the oral judgment sentencing Garcia to three years of supervised release.[5] Accordingly, we VACATE Garcia's sentence and REMAND for resentencing consistent with this opinion.

---

[5]The district court orally sentenced Garcia to three years of supervised release. The written judgment, however, provides for five years of supervised release. "In this Circuit, it is well settled law that where there is any variation between the oral and written pronouncements of sentence, the oral sentence prevails." United States v. Martinez, 250 F.3d 941, 942 (5th Cir. 2001) (citing United States v. Shaw, 920 F.2d 1225, 1231 (5th Cir. 1991))