United States Court of Appeals
Fifth Circuit

**F I L E D**

April 18, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11188
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee-Cross-Appellant,

versus

ROSE ELLA SUMMERS,
also known as Rosie Campos,
also known as Rosie Summers,

Defendant-Appellant-Cross-Appellee.

--------------------
AppealS from the United States District Court
for the Northern District of Texas
USDC No. 3:96-CR-326-4-P
--------------------

Before JOLLY, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Rose Ella Summers was convicted of (1) conspiracy to possess with intent to distribute methamphetamine and (2) conspiracy to commit money laundering. The district court determined that she had an offense level of 40 and a criminal history score in category I. Her Sentencing Guidelines range was thus 292-365 months' imprisonment, and the district court initially sentenced her to 292 months' imprisonment for count one and a concurrent

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

term of 240 months' imprisonment for count two.  This court vacated the sentence and remanded upon determining that the sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000).

At resentencing, Summers again had an offense level of 40 and a criminal history score in category I, and her Sentencing Guidelines range was 292-365 months' imprisonment.  Overruling the Government's request to impose consecutive sentences, the district court sentenced Summers to two concurrent terms of 240 months' imprisonment for her count one and two convictions.  Both Summers and the Government appeal the sentence.[**]

Since the filing of the instant appeals, this court has determined that the imposition of consecutive sentences under U.S.S.G. § 5G1.2(d) is mandatory to achieve the total minimum punishment under the Guidelines.  See United States v. Garcia, __ F.3d __, 2003 WL 367746 *4 (5th Cir. Feb. 20, 2003, No. 01-51150).  The district court's imposition of concurrent sentences was error, the sentence is vacated, and the case is remanded for resentencing in accordance with Garcia.

---

[**] We note that there is a pending motion by the Government for reconsideration of the sentence, that the motion was filed prior to the notices of appeal, and that the district court should rule on this motion before this court addresses the appeal.  See FED. R. APP. P. 4(b)(3)(B); United States v. Ibarra, 502 U.S. 1, 7 (1991)); United States v. Greenwood, 974 F.2d 1449, 1465-67 (5th Cir. 1992).  However, in light of our recent decision in United States v. Garcia, __ F.3d __, 2003 WL 367746 (5th Cir. Feb. 20, 2003, No. 01-51150), it is clear that a ruling on the motion for reconsideration would necessitate another resentencing.

Summers's argument that the district court abused its discretion in denying her motion for a downward departure was not raised in her previous appeal, was beyond the scope of this court's prior mandate, and should not have been addressed by the district court.  See United States v. Marmolejo, 139 F.3d 528, 531 (5th Cir. 1998).

SENTENCE VACATED.  CASE REMANDED FOR RESENTENCING IN ACCORDANCE WITH THIS OPINION.