IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 7, 2007

Charles R. Fulbruge III
Clerk

No. 06-51235

UNITED STATES OF AMERICA

Plaintiff - Appellant

v.

AZIZ SALEH

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:04-CR-180-5

Before GARWOOD, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Aziz Saleh ("Saleh") pleaded guilty to two counts of a superceding information charging him with aiding and abetting other persons in making false statements to obtain a real estate loan in violation of 18 U.S.C. § 1010. The district court sentenced Saleh to five years' probation on each count, to run concurrently. The Government appeals the district court's sentence. For the following reasons, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I

Saleh's presentence investigation report ("PSR") calculated his base offense level at 6 under U.S. SENTENCING GUIDELINES MANUAL ("USSG") § 2B1.1(a)(2) (2005). Because Saleh derived more than $1,000,000 in gross receipts from the violations, his base offense level was increased two levels pursuant to § 2B1.1(b)(13)(A). However, because the resulting offense level was less than 24, § 2B1.1(b)(13)(D) required that it be increased to level 24. Two levels were added pursuant to § 3B1.1(c) because it was determined that Saleh was an organizer, leader, manager, or supervisor in the criminal activity. A three level reduction for acceptance of responsibility resulted in a total offense level of 23. Saleh had no criminal history points, resulting in a Category I criminal history. With a Category I criminal history and total offense level of 23, the Guidelines provided for a range of 46-57 months in prison. However, the PSR noted that the maximum statutory sentence for the case was 24 months, and that pursuant to USSG § 5G1.1(c)(1), the guideline sentence was also 24 months. See 18 U.S.C. § 1010.

During the sentencing hearing, the district court initially informed Saleh that the court could sentence him for up to two years under the statute. The Government interjected that Saleh actually faced a maximum possible sentence of up to 48 months because Saleh pleaded guilty to two counts. The district court then corrected itself, and informed Saleh that he could serve 48 months if sentenced on each count consecutively.

Subsequent to the Government's interjection regarding the statutory maximum, in pronouncing Saleh's sentence the district court stated:

> The Guidelines do provide for 24 months in this case. I have determined and reiterate that the appropriate guideline sentence for me to consider as one of the factors under Title 18 of the United States Code, Section 3553, is a total offense level of 23, with a criminal history category of I. . . .

> The presentence investigation report . . . points out to me several factors that I should consider under 18, United States Code, Section 3553. I place great stock in what I am advised by the probation department. And I further recognize that I have an obligation to take into account all of the factors in Title 18, United States Code, Section 3553 . . . .
>
> Therefore, when I take all of those factors into account, I have determined that the following sentence is adequate to provide for the factors expressed by Congress in Section 3553 and is tailored to the crime to which you have pleaded guilty and been found guilty in your situation with regard to the other defendants . . . .
>
> Although I am concerned about your involvement of your family and employees in this matter, I do not have any particular reason to believe that a severe sentence would do more to provide deterrence and protection of the public from future crimes by you than the fact that you have pleaded guilty to a felony offense and what that means to you and your standing in the community . . . .
>
> Therefore, pursuant to the Sentencing Reform Act of 1984, it is the judgment of this Court that you, Aziz Saleh, are hereby placed on probation for a term of five years . . . .

Aside from the five years probation, the district court also ordered Saleh to pay $117,942.69 in restitution, for which he was jointly liable with other defendants, and a special assessment of $200.

A sentence of probation was discussed several times during the sentencing hearing, but the Government never objected to or argued against the sentence. After pronouncing Saleh's sentence, the district court twice asked if there was anything further to come before the court. On neither occasion did the Government object to the sentence or the district court's Guidelines calculation. The Government argues on appeal that the sentence should be vacated because the district court based its sentence of five years' probation on an incorrect Guidelines calculation. Alternatively, the Government argues that the sentence is unreasonable in light of the factors set forth in 18 U.S.C. § 3553.

II

The Government urges that it has preserved these two errors for our review. We disagree. "A party may preserve a claim of error by informing the court)) when the court ruling or order is made or sought)) of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection." FED. R. CRIM. P. 51(b); see United States v. Vonsteen, 950 F.2d 1086, 1090-91 (5th Cir. 1992) (applying Rule 51 in the sentencing context). We have identified the rule requiring objection to error as "one of the most familiar procedural rubrics in the administration of justice." United States v. Calverley, 37 F.3d 160, 162 (5th Cir. 1994). The rule encourages informed decisionmaking and gives the district court an opportunity to correct errors prior to appeal. See id.

The only error noted by the Government during the sentencing hearing related to the statutory maximum of 48 months. The Government's statement as to the statutory maximum did not call the district court's attention to the arguments now raised on appeal as to the district court's Guidelines calculation and reasonableness of the district court's sentence. See United States v. Castillo, 386 F.3d 632, 636 (5th Cir. 2004) (reviewing Government's appellate arguments for plain error when grounds for Government objection were not raised in district court). In Castillo we recognized that the Government had not preserved its objection to a downward departure, despite the fact that the Government informed the district court generally of its objection, because the issues raised by the Government on appeal were not presented to the district court as "grounds for that objection." Castillo, 386 F.3d at 636. In this case, the Government has not done so much; it raised no objection to either of the issues before us. The district court gave the Government ample opportunity to raise an objection to both the Guidelines calculation and the reasonableness of the district court's sentence. The Government did not raise its calculation objection

after review of the PSR, nor did it raise any objection to the eventual Guidelines calculation as announced by the district court.  The Government also failed to object to the reasonableness of the district court's sentence.  As such, we review both for plain error.  See FED. R. CRIM. P. 52(b).

### III

### A

18 U.S.C. § 3742(f) requires that we vacate and remand a sentence "imposed as a result of an incorrect application of the sentencing guidelines." We have recognized that § 3742(f) survived Booker. See United States v. Villegas, 404 F.3d 355, 362 (5th Cir. 2005).  Under the statute, we normally review the district court's interpretation and application of the Guidelines de novo and vacate a sentence that directly resulted from a Guidelines error.  See United States v. Tzep-Mejia, 461 F.3d 522, 526 (5th Cir. 2006).  Where, as here, the Government has not preserved its objection to the district court's Guidelines calculation we ask whether the district court plainly erred in sentencing Saleh to probation while considering the 24-month Guidelines range provided by the PSR.  To satisfy the plain error standard, the Government must show: (1) error; (2) that is plain (clear or obvious); and (3) affects substantial rights.  See United States v. Olano, 507 U.S. 725, 730-36 (1993).  If all three conditions are met, we may exercise our discretion to correct the error when it affects the fairness, integrity, or public reputation of judicial proceedings.  See id.; United States v. Gore, 298 F.3d 322, 324 (5th Cir. 2002).

Under the advisory sentencing regime, we have described sentences as falling into three types))(1) a sentence within a properly calculated range; (2) a sentence that includes an upward or downward departure as allowed by the Guidelines; or (3) a non-Guidelines sentence which is either higher or lower than the relevant guideline sentence.  See United States v. Davis, 478 F.3d 266, 273 (5th Cir. 2007).  In sentencing Saleh to probation, the district court imposed a

non-Guidelines sentence.[1]   The Guidelines section referred to in the PSR, § 2B1.1(a)(2), does not authorize a downward departure that would result in probation.   Further, USSG § 5B1.1, which pertains to probation, states that probation is allowed only if the defendant's range is within Zone A or Zone B, i.e., an offense level of 10 or less.   Saleh's offense level of 23 falls under Zone D.

In imposing its non-Guidelines sentence, the district court stated the Guidelines range was 24 months.  The district court erred in calculating Saleh's Guidelines range.  The PSR, upon which the district court relied, noted that a total offense level of 23, combined with Saleh's Category I criminal history, results in a Guidelines range of 46-57 months of imprisonment.  The PSR then stated that the Guidelines range had to be recalculated to 24 months pursuant to USSG § 5G1.1(c)(1) to harmonize the Guidelines with the statutory maximum in 18 U.S.C. § 1010.  However, USSG § 5G1.1 pertains to "Sentencing on a Single Count of Conviction."  The following section, § 5G1.2, pertains to "Sentencing on Multiple Counts of Conviction."  As noted above, Saleh pleaded guilty to two counts.  Section 5G1.2(d) provides as follows:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

The "total punishment" is determined by the adjusted combined offense level. § 5G1.2, comment; see United States v. Garcia, 322 F.3d 842, 846 (5th Cir. 2003) (referring to § 5G1.2(d): "The Guidelines are clear, however, that where the

---

[1] Both parties refer to the district court's sentence as a non-Guidelines sentence, and Saleh fails to indicate any authority for a downward departure.  However, we must make our own determination of the sentence because it affects our standard of review, and "no party has the power to control our standard of review."  United States v. Vonsteen, 950 F.2d 1086, 1091 (5th Cir. 1991).

statutory maximum is less than the minimum total punishment required by the Guidelines, the district court shall impose consecutive sentences to the extent necessary to meet the minimum total punishment.").

In this case, the maximum possible sentence under § 1010 for either of Saleh's two counts is 24 months, less than the 46-month total minimum punishment under the Guidelines. Accordingly, based on USSG § 5G1.2(d), the district court should have calculated a maximum of 24 months for one count, and a consecutive sentence of 22 months on the second count to arrive at a minimum Guidelines sentence of 46 months. The district court thus erred in its Guidelines calculation. Because the Guidelines and our precedent provide clear guidance as to the proper calculation, the district court's error was plain.

To satisfy the plain error standard, the Government must also show that the district court's plain error affected its substantial rights. In Olano, the Supreme Court stated that to satisfy the substantial rights prong, the appellant must "make a specific showing of prejudice")) that is, the error "must have affected the outcome of the district court proceedings." Olano, 507 U.S. at 734-35. The district court's error in calculating the Guidelines range arguably could have affected the outcome of Saleh's sentencing proceedings. We have doubts as to whether the district court would have sentenced Saleh to probation knowing that the proper Guidelines range called for a minimum of 46 months' imprisonment)) nearly twice what the district court considered. Considering a Guidelines minimum of 24 months, Saleh's offense level of 23 is still far greater than the maximum offense level of 10 for which probation is authorized under the Guidelines. Even assuming arguendo that the district court's plain error affected the substantial rights of the Government, we decline to exercise our discretion to reverse the plain error of the district court. See Castillo, 386 F.3d at 637. After being made aware of Saleh's contention on appeal that no objection had been raised, the Government failed to argue in a meaningful way how it

might be entitled to relief under the plain error standard. The Government made no showing of how its substantial rights were affected by the calculation error, or how the error impacted the fairness, integrity, or public reputation of judicial proceedings. Under these circumstances we decline to exercise our discretion to vacate Saleh's sentence based on the miscalculated guidelines range used by the district court.

B

The Government also argues that Saleh's sentence is unreasonable and should be vacated because the district court failed to consider all of the relevant factors under § 3553(a), or because the sentence represents a clear error in judgment in balancing the factors. Ordinarily, we would review the reasonableness of a non-Guidelines sentence by applying an abuse of discretion standard. United States v. Reinhart, 442 F.3d 857, 862 (5th Cir. 2006), cert. denied, --- U.S. --- , 127 S.C.t 131, 166 L.Ed.2d 96 (2006). But we review a non-Guidelines sentence with less than our ususal deference when the district court operates with a miscalculated guidelines range. See United States v. Duhon, 440 F.3d 711, 716 (5th Cir. 2006). Where the appellant has raised no objection as to reasonableness, the plain error standard applies. See United States v. Peltier, No. 05-30440, 2007 WL 3076932, at *2, --- F.3d --- , --- (5th Cir. Oct. 23, 2007).

We note that the district court, through its adoption of the PSR, its reasons for sentence, and its statements at the sentencing hearing, considered many of the factors under § 3553(a).[2] While the district court considered the

---

[2] For example, in considering the seriousness of the crime, the court noted that the offense was serious, with a lot of money lost by financial institutions, but that Saleh did not profit from the scheme in the same manner as the other codefendants. Despite the seriousness of the crime, the district court recognized that Saleh had no prior criminal history, and no past pattern of similar conduct. As to Saleh's characteristics, he was released on bond with pretrial supervision. During his two years of supervision, no violations were reported to the court. During the sentencing hearing, the district court noted that a number of persons made statements, either through letters to the court or through testimony at the hearing, as to Saleh's good standing in the community. In issuing Saleh's probation sentence, the district court stated that it had "no particular reason to believe that a severe sentence would do more to provide deterrence and protection of the public from future crimes by [Saleh]," and

factors under § 3553(a), we are concerned with the district court's treatment of Saleh's crime. As noted above, the district court's clear Guidelines error plays a role in reducing our deference. And, while Saleh's crime was not violent, the seriousness of his crime should not be understated)) Saleh derived more than one million dollars in gross receipts as a result of his fraudulent actions. Saleh also involved his employees and family members in his criminal behavior. Moreover, Saleh's sentence could be seen as expressing a special, lenient sentencing regime for white collar criminals. As we have in the past, we again express our distaste for sentencing that reflects different standards of justice being applied to white and blue collar criminals. See United States v. Andrews, 390 F.3d 840, 848 (5th Cir. 2004). But while we note these concerns, the Government again fails to raise any argument as to why vacatur is justified under the plain error standard, and instead works under the erroneous assumption that it objected below. Therefore, even assuming arguendo that the first three prongs of the plain error standard are met, we refuse to exercise our discretion to vacate Saleh's sentence on unreasonableness grounds.

## IV

Because the Government failed to object at the district court level, we review only for plain error. The Government made no attempt to satisfy its heightened burden on appeal, failing to argue how its substantial rights had been affected, or why we should exercise our discretion under the fourth prong to correct the district court in spite the failure to object. Under these circumstances, we refuse to exercise our discretion to correct the errors alleged by the Government, and we AFFIRM the district court's sentence.

---

that the sentence "is tailored to the crime to which you have pleaded guilty. . . in your situation with regard to the other defendants."