# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 3, 2007

Charles R. Fulbruge III
Clerk

No. 06-41024
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAFAEL ARMANDO DELGADO,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-111-ALL

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Rafael Armando Delgado appeals the 60-month concurrent sentences he received following his conviction for possession with the intent to distribute and conspiracy to possess with the intent to distribute less than 50 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a) and (b), § 846, and 18 U.S.C. § 2. The district court found a base offense level and assessed a six-level "official-victim" enhancement, pursuant to U.S.S.G. § 3A1.2(c)(1). § 3A1.2(c)(1), in relevant part, provides:

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

 (c) If, in a manner creating a substantial risk of serious bodily injury, the defendant or a person for whose conduct the defendant is otherwise accountable--

> (1) knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom . . . .

Here, Delgado concedes that he recklessly endangered others when fleeing enforcement officers and that a two-level enhancement under U.S.S.G. § 3C1.2 would be appropriate. He argues, however, that the district court erred because the evidence did not establish that he intended to injure law enforcement officials and therefore failed to show that he committed aggravated assault.

This court reviews a district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. United States v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006). A district court is permitted to draw reasonable inferences from the facts, and the inferences are also reviewed for clear error. Id. This court "will uphold a district court's factual finding on clear error review so long as the enhancement is plausible in light of the record as a whole." Id.

We do not address the question of whether the Government is required to prove a defendant's intent to injure law enforcement officials to warrant the § 3A1.2(c)(1) enhancement because defendant has failed to show that the district court's factual findings based on trial testimony and the PSR were clearly erroneous, and our precedent supports enhancement under these circumstances. Although Delgado's first collision with Agent DiMarco's patrol car was accidental,[1] the second collision was a "head-on" ramming of a manned, marked

---

[1] The officer who was driving the patrol car indicated: "He lost control of the car. I think he cut the corner too sharp . . . and he ended up making contact with my unit . . . ."

law enforcement vehicle.[2] When the police officer then ran to Delgado's car, Delgado "floored" the accelerator.[3] In United States v. Gillyard, 261 F.3d 506, 510 (5th Cir. 2001) the defendant did not hit the patrol car but struck other vehicles, drove into a median where construction workers were standing, drove on the shoulder of a highway past eighteen-wheeler trucks – nearly hitting a patrol car, and finally "caromed off a concrete piling."[4] We upheld the district court's § 3A1.2 and § 3C1.2 enhancements for assault against officers and reckless endangerment during flight, determining that the district court's factual findings of a "high-speed chase" which "endangered both police officers and others"[5] were not clearly erroneous. Similarly, the district court's findings here are not clearly erroneous.[6]

AFFIRMED.

---

[2] The officer testified: "I started to make a u-turn. When I got pretty much to the apex of that u-turn, he was mobile again and he came straight at me and hit my unit head-on."

[3] Delgado's reasons for flooring the accelerator are unclear. His vehicle was pinned against the officer's vehicle, and the officer testified: "he kept pumping the gas pedal as if trying to push the unit aside or I don't know what he was thinking."

[4] Gillyard, 262 F.3d at 508.

[5] One of the enhancements in Gillyard was also for an assault of an officer "during the course of the offense or immediate flight therefrom . . . in a manner creating a substantial risk of serious bodily injury," which was then U.S.S.G. §3A1.2(b). Gillyard, 261 F.3d at 511.

[6] The court found: "I can see if all we had was the first [impact], how that argument I think would be a strong argument, that it really wasn't an assault . . . But when we have then the second impact as well as once he is up against the fence and the attempt to escape then, I think that we have sufficient [evidence] here to establish an assault."