IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-41144
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

AMADEO HERNANDEZ-CONDE, JR.,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 7:06-CR-1008-ALL

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Amadeo Hernandez-Conde, Jr., appeals the 151-month sentence imposed following his guilty plea conviction of possession with intent to distribute more

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

than 100 kilograms of marihuana and assaulting, resisting, or impeding certain officers or employees by means and use of a dangerous weapon.  He argues that the district court erred when it applied a two-level enhancement, pursuant to U.S.S.G. § 2D1.1(b)(1), for using his vehicle as a deadly weapon in an attempt to evade arrest and a six-level enhancement, pursuant to U.S.S.G. § 3A1.2(c), for assaulting a police officer with his vehicle.

Hernandez-Conde asserts that his vehicle cannot be considered a dangerous weapon, because he did not use it with the intent to commit bodily injury.  Similarly, he contends that he did not commit aggravated assault, because he did not act with a specific intent to injure and did not create a substantial risk of serious bodily injury.

According to testimony, Border Patrol Agent Adam Roy Ruiz pursued Hernandez-Conde's vehicle into an orange grove, where Hernandez-Conde came to a complete stop against a tree.  When Hernandez-Conde opened the driver's side door, it appeared that he was either surrendering or preparing to escape on foot, so Ruiz parked his vehicle behind Hernandez-Conde's, unbuckled his safety belt, and opened the door.  As Ruiz was about to exit the vehicle, Hernandez-Conde quickly closed his door, backed up, and intentionally struck Ruiz's vehicle.

The impact was hard enough that Ruiz felt the vehicle move backward.  In addition, although Ruiz's vehicle received only minimal damage, Hernandez-Conde's suffered a smashed-in trunk and tail light.  Hernandez then continued to lead officials on a chase through two communities, during which Hernandez-Conde drove recklessly, even attempting to "T-bone" a police cruiser and trying to swerve into Ruiz's vehicle for a second time.  The chase ended only after Hernandez-Conde lost control of his vehicle and became stuck in a ditch.  Ruiz believed that Hernandez-Conde deliberately used his vehicle to intimidate officers.

After reviewing the district court's findings of fact for clear error and its application of those facts to the sentencing guidelines de novo, we conclude that the court did not clearly err in applying either enhancement.  United States v.

Charon, 442 F.3d 881, 887 (5th Cir.), cert. denied, 549 U.S. 915 (2006). The intent to commit bodily injury can be inferred, and a vehicle can be a dangerous weapon when used to strike another vehicle. See United States v. Morris, 131 F.3d 1136, 1137-39 (5th Cir. 1997); United States v. Perez, 897 F.2d 751, 753 (5th Cir. 1990). We have upheld the application of an enhancement for assaulting an official even where the defendant narrowly missed striking a patrol car. United States v. Gillyard, 261 F.3d 506, 510 (5th Cir. 2001). Also, although Ruiz was not injured, Hernandez-Conde's action in unnecessarily striking the vehicle created a substantial risk of bodily harm. See id.

Moreover, the presentence report ("PSR") generally bears sufficient indicia of reliability to be considered as evidence during a sentencing hearing. United States v. Roush, 466 F.3d 380, 387 (5th Cir. 2006). The defendant bears the burden of showing that the PSR's findings cannot be relied on because they are unreliable, inaccurate, or materially untrue. United States v. Londono, 285 F.3d 348, 354 (5th Cir. 2002). In the PSR, the probation officer found that Hernandez-Conde used his vehicle as a dangerous weapon when he "stopped and assaulted the agent by intentionally striking the agent's vehicle with his vehicle." Hernandez presents no convincing evidence that the probation officer's finding was unreliable or materially untrue.

The judgment of sentence is AFFIRMED.