# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41420

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

YONNY ALEXANDER COREA-RODRIGUEZ,
also known as Brayan Rodriguez,

Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-592

Before STEWART, Chief Judge, and KING and HIGGINSON, Circuit Judges.

PER CURIAM:*

Defendant-Appellant pled guilty to illegal reentry. The district court imposed a sentence of 25 months' imprisonment. Defendant-Appellant appealed. We affirm.

## I. Facts & Procedural History

Defendant-Appellant Yonny Alexander Corea-Rodriguez ("Corea-Rodriguez") was charged with illegal reentry following removal. He pled guilty before a magistrate judge, and the district court accepted his plea. In an

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41420

Amended Presentence Report (PSR), the probation officer recommended that Corea-Rodriguez's base offense level of 8 be enhanced by 4 levels due to his previous felony conviction of possession with intent to distribute a controlled substance. *See* U.S.S.G. § 2L1.2(b)(1)(D). The probation officer also recommended a 6-level "Official Victim" enhancement pursuant to U.S.S.G. § 3A1.2(c)(1) based on Corea-Rodriguez's actions during his initial encounter with Border Patrol agents.[1] After a 3-level reduction for acceptance of responsibility, Corea-Rodriguez's total offense level was 15 with a criminal history category of II, resulting in a Guidelines range of 21 to 27 months' imprisonment.

Corea-Rodriguez objected to application of the § 3A1.2(c)(1) enhancement, arguing that he had not engaged in conduct that rose "to the level of a risk of serious bodily injury to the officer." The Government then proceeded to put on evidence in support of the enhancement and called to testify as a witness the "official victim," Border Patrol Agent Sidney Moore ("Agent Moore"). Agent Moore testified that he and other agents tracked a group of aliens for approximately 10 miles and eventually found them sleeping in a cluster of trees near Sarita, Texas. As the agents moved in, two of the aliens, one of whom was Corea-Rodriguez, fled on foot. Although the aliens had a significant head start, Moore and another agent ran after them while a third agent, Matthew Fosnaugh, who was in a vehicle, tried to get ahead of the

---

[1] Section 3A1.2(c)(1) provides for a 6-level enhancement for an official victim where a defendant "knowing . . . that a person was a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom." Section 3A1.2(c)(1) "applies in circumstances tantamount to aggravated assault" and "is limited to assaultive conduct . . . that is sufficiently serious to create at least a 'substantial risk of serious bodily injury.'" *Id.*, cmt. (n.4(A)). "Substantial risk of serious bodily injury" includes "any more serious injury that was risked, as well as actual serious bodily injury." *Id.*, cmt. (n4(B)). The commentary to § 3A1.2 does not define "aggravated assault," nor is a definition for the term provided in the application notes to U.S.S.G. § 1B1.1.

aliens and cut them off.  The foot chase went on for approximately 1.5 to 2 miles.  When the aliens were cut off by Agent Fosnaugh's vehicle, they turned around and headed back to the west, running toward Agent Moore.

Agent Moore further testified that he came over the top of a sand dune, saw Corea-Rodriguez about 20 or 30 yards away, and commanded him in both Spanish and in English to stop and get on the ground but Corea-Rodriguez ignored his commands and continued to advance toward him.  As Corea-Rodriguez approached, Agent Moore pulled out a collapsible straight baton and struck him twice on his left leg but this did not subdue him.  Shortly thereafter, Corea-Rodriguez grabbed Agent Moore's left shoulder and attempted to pull him down toward the ground.  Agent Moore then dropped his baton, unable to subdue Corea-Rodriguez.  The two men continued to struggle until Agent Fosnaugh arrived and both agents were finally able to subdue Corea-Rodriguez.

Corea-Rodriguez was then called to the witness stand by defense counsel.  He testified that he and a group of others had been walking for 12 or 13 hours before they stopped to rest at about 6:00 a.m. or 7:00 a.m. He was awakened by the noise of people running and upon seeing immigration agents, he also began to run until he saw an immigration truck in his path and changed directions. Corea-Rodriguez testified that after turning around, he went over a hill and "almost came upon" an immigration agent who ordered him to stop. According to Corea-Rodriguez, he immediately complied with the agent's orders by kneeling down and putting his hands behind his head.  The agent then approached Corea-Rodriguez and squeezed his hand and arm, causing him pain.  Corea-Rodriguez testified that he tried to explain to the agent that he previously had surgery on his arm and that the agent was hurting him but the agent did not understand him.  The agent told Corea-Rodriguez to stand up so he complied.  Corea-Rodriguez went on to testify that the agent then

No. 14-41420

struck him with the baton and the baton fell to the ground. Corea-Rodriguez denied that he had ever struggled with the agent.

After presenting the above testimony, Corea-Rodriguez argued that he had not engaged in conduct that was "sufficiently serious to create at least a substantial risk of serious bodily injury." He further asserted that, even if Agent Moore's account of the events was completely accurate, there had been no testimony to the effect that he was doing anything other than trying to get away, and that "[n]othing that [Corea-Rodriguez] did demonstrates a clear intent to do injury to the officer."

The district court determined that the Government had carried its burden of proof and overruled Corea-Rodriguez's objection to the enhancement. In doing so the district court found that Agent Moore's testimony was credible and that Corea-Rodriguez's testimony was "less than credible." In explaining its credibility determination, the district court noted Corea-Rodriguez's lengthy criminal history involving aggressive physical encounters and protective orders. The district court concluded that Corea-Rodriguez "did assault" Agent Moore and that the facts surrounding the assault met the requirements for application of the enhancement under § 3A1.2(c)(1). The district court imposed a within-Guidelines sentence of 25 months' imprisonment and a $100 special assessment with no supervised release. Corea-Rodriguez timely appealed.

## II. Standard of Review

Ordinarily, this court reviews a district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *See United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006). A district court is permitted to draw reasonable inferences from the facts, and the inferences are also reviewed for clear error. *Id.* (citation omitted). This court "will uphold a district court's factual finding on clear error review so long

as the enhancement is plausible in light of the record as a whole." *Id.* (citation omitted).

However, "when a party challenges a district court's sentencing decision on grounds it did not present to the district court," the plain error standard of review applies. *United States v. Duhon*, 541 F.3d 391, 396 (5th Cir. 2008) (citation omitted). To preserve an error, "[a] party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus, obviate the need for [this court's] review." *United States v. Gutierrez*, 635 F.3d 148, 152 (5th Cir. 2011) (internal quotation marks and footnote omitted). The party must articulate an objection "specific enough to allow the trial court to take testimony, receive argument, or otherwise explore the issue raised." *United States v. Burton*, 126 F.3d 666, 673 (5th Cir. 1997) (citation omitted).

"Plain error exists if (1) there is an error, (2) the error is plain, . . . (3) the error affect[s] substantial rights and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *See United States v. Garcia-Carrillo*, 749 F.3d 376, 378 (5th Cir. 2014) (per curiam) (citation omitted). "An error is plain if the error is apparent at the time of appeal." *Id.* (citation omitted).

### III. Discussion

Corea-Rodriguez argues on appeal that the district court erred in applying the § 3A1.2(c)(1) enhancement because there was no evidence presented or finding by the district court that he specifically intended to injure Agent Moore. Since Corea-Rodriguez did not present this argument to the district court, however, we review his argument on appeal for plain error only. *Duhon*, 541 F.3d at 396.

This court has not explicitly held that the district court is required to make a finding of specific intent in order to apply an enhancement under §

No. 14-41420

3A1.2(c)(1). *See United States v. Anderson*, 559 F.3d 348, 356-57 (5th Cir. 2009); *United States v. Hernandez-Conde*, 301 F. App'x 372, 374 (5th Cir. 2008); *see also United States v. Delgado*, 250 F. App'x 30, 31 (5th Cir. 2007) (declining to address the issue of whether the Government is required to prove defendant's intent to injure police officers to warrant an enhancement under § 3A1.2(c)(1) because the district court's findings had not been shown clearly erroneous and circuit precedent supported the enhancement under the circumstances). Consequently, any perceived error on the part of the district court in failing to make a finding of specific intent would not be plain. *Garcia-Carrillo*, 749 F.3d at 378. Accordingly, we hold that the district court did not plainly err in applying the § 3A1.2(c)(1) enhancement.

## IV. Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.