# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 8, 2011

No. 10-30057
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAMES MARCUS LEBLANC; HOWARD RONALD GUILLORY, SR.,

Defendants - Appellants

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 2:06-CR-20098-4

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

James Marcus LeBlanc and Howard Ronald Guillory, Sr., appeal their mandatory minimum sentences, imposed pursuant to 21 U.S.C. § 841(b)(1)(A),(B), for their cocaine-distribution and conspiracy convictions. They contend: their sentences must be vacated; and they must be resentenced under the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-220, 124 Stat. 2372, enacted during the pendency of these appeals.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30057

Because appellants raise issues based upon legislation enacted post-sentencing, our review is *de novo*. *See United States v. Salazar*, 542 F.3d 139, 144 (5th Cir. 2008) (interpretation of sentencing statute reviewed *de novo*); *see also United States v. Warden*, 291 F.3d 363, 365 n.1 (5th Cir. 2002) (plain-error review inapplicable where defendant had no opportunity to object).

FSA, signed into law on 3 August 2010, reset the amount of crack cocaine required to trigger mandatory-minimum sentences. After appellants filed their briefs on appeal, our court decided *United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011), which held: FSA does *not* apply retroactively; and, because FSA does *not* impose a procedural or remedial change, it does not fall within an exception to the savings statute, 1 U.S.C. § 109 (repeal of penal statute does not have retroactive effect unless repealing statute expressly so provides).

*Doggin*s forecloses most of appellants' contentions; to the extent it does not, the remaining contentions are without merit. Congress directed the Sentencing Commission to promulgate guidelines, policy statements, or amendments provided for in FSA "as soon as practicable", but it did not direct that any retroactive effect be given. *See* Pub. L. No. 111-220 § 8. Additionally, insofar as appellants contend FSA must apply immediately to correct a claimed equal-protection violation caused by the statute under which they were sentenced, our court has never recognized such a violation stemming from the sentencing disparity of the prior law. *See, e.g.*, *United States v. Fisher*, 22 F.3d 574, 579 & n.21 (5th Cir. 1994) (noting cocaine-base sentencing disparity not unconstitutional).

AFFIRMED.