# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-11161

United States Court of Appeals
Fifth Circuit

**FILED**
April 15, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

VICTOR GARCIA-CARRILLO,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before REAVLEY, PRADO, and OWEN, Circuit Judges.

PER CURIAM:

Victor Garcia-Carrillo pled guilty to re-entering the United States illegally and was sentenced to 89 months of imprisonment. The Government declined to move in the district court for a one-level reduction for acceptance of responsibility under United States Sentencing Guidelines Manual (U.S.S.G.) § 3E1.1(b) because Garcia-Carrillo refused to waive his right to appeal. After sentencing, and while his appeal was pending, the Sentencing Commission amended the commentary to § 3E1.1(b), which now instructs prosecutors not to withhold such motions on the basis of a defendant's failure to waive his appellate rights. We affirm the sentence of the district court because even assuming that Amendment 775 should be considered in this appeal, Garcia-Carrillo's substantial rights have not been affected.

No. 12-11161

## I

Garcia-Carrillo was indicted under 8 U.S.C. § 1326 for illegally re-entering the United States after having been deported. He pled guilty without a plea agreement. The presentence report (PSR) assigned an offense level of 22. His base offense level of 8 was increased 16 levels due to a conviction for a prior crime of violence but reduced 2 levels for his acceptance of responsibility for a total offense level of 22. The prosecutor elected not to move for an additional one-level reduction under U.S.S.G. § 3E1.1(b) because Garcia-Carrillo refused to waive his right of appeal. The record reflects that "[t]he defendant failed to waive certain [appellate] rights; therefore [the prosecutor] indicated she will not move the Court for an additional 1-level reduction under USSG § 3E1.1(b)." Garcia-Carrillo did not object in the district court to the conclusions in the PSR or the PSR's calculation of the advisory guidelines range. His total offense level of 22, combined with his criminal history category of VI, resulted in a guidelines range of 84-105 months of imprisonment. The district court adopted the PSR's recommendations and sentenced Garcia-Carrillo to a within-guidelines prison sentence of 89 months.

After Garcia-Carrillo was sentenced, the United States Sentencing Commission proposed to amend the official commentary of § 3E1.1 by adding the following sentence: "[t]he government should not withhold [a motion for the one-level reduction] based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right to appeal."[1] The amendment went into effect as note six of § 3E1.1 on November 1, 2013.[2] In this direct appeal, Garcia-Carrillo appeals his sentence contending that we

---

[1] Notice of Submission to Congress of Amendments to the Sentencing Guidelines Effective November 1, 2013, 78 Fed. Reg. 26,425-02, 26,431 (May 6, 2013).

[2] U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G.) app. C. amend. 775 at 43 (2013).

No. 12-11161

should vacate and remand to allow the district court to resentence him in light of this amendment.

## II

Prior to the November 1, 2013 amendment, this court had held that it was permissible for a prosecutor to decline to move for a one-level reduction under § 3E1.1(b) on the basis that a defendant failed to waive his appellate rights.[3] This precedent was in accord with decisions of the Seventh and Ninth Circuits but in conflict with decisions from the Fourth Circuit.[4] The Government's decision not to file a motion for a one-level reduction in the present case was consistent with the law in this Circuit as it existed at the time of Garcia-Carrillo's sentencing. However, after Garcia-Carrillo's sentencing, as noted above, the United States Sentencing Commission proposed and then issued an amendment to application note six of § 3E1.1 that contravened this precedent.[5] The central issue in this appeal is whether Garcia-Carrillo is entitled to be resentenced in light of this amendment.

Our review is for plain error. Garcia-Carrillo failed to apprise the district court of his contention that it was improper for the Government to condition the filing of a motion for a one-level reduction for acceptance of responsibility on an appeal waiver by Garcia-Carrillo. Although an objection would have been futile in our Circuit at the time of sentencing, the failure to object nonetheless results in a plain error standard of review on appeal.[6] Garcia-

---

[3] *United States v. Newson*, 515 F.3d 374, 378-79 (5th Cir. 2008).

[4] *Compare United States v. Johnson*, 581 F.3d 994, 1002 (9th Cir. 2009), *and United States v. Deberry*, 576 F.3d 708, 711 (7th Cir. 2009), *with United States v. Divens*, 650 F.3d 343, 349 (4th Cir. 2011).

[5] U.S.S.G. app. C. amend. 775 at 43 (2013).

[6] *See Johnson v. United States*, 520 U.S. 461, 464-65 (1997) (holding that standard of review on appeal was plain error when defendant failed to object in the district court in light

No. 12-11161

Carrillo's reliance on Federal Rule of Criminal Procedure 51(a), which provides that "[i]f a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party,"[7] and our unpublished decision in *United States v. Rodriguez*,[8] is misplaced. We do not accept Garcia-Carrillo's argument that he had no opportunity to object in the district court because the amendment at issue had not been proposed at the time of his sentencing. The existence of settled law at the time of sentencing does not obviate the need for an objection.[9] Plain error exists if "(1) there is an error, (2) the error is plain, . . . (3) the error affect[s] substantial rights" and (4) "the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[10] An error is plain if the error is apparent at the time of appeal.[11]

We need not determine in this case whether the district court committed error when it permitted the prosecution to withhold the motion for an additional one-level reduction. The record reflects that Garcia-Carrillo cannot satisfy another of the prongs that must exist before a court will exercise its discretion to correct plain error. "A sentencing error affects a defendant's substantial rights if he can show a reasonable probability that, but for the

---

of existing Eleventh Circuit precedent, but the Supreme Court had overruled that precedent by the time of appeal).

[7] FED. R. CRIM. P. 51(b).

[8] 305 F. App'x 206, 207-08 (5th Cir. 2008) (unpublished); *see also United States v. LeBlanc*, 428 F. App'x 289, 290 (5th Cir. 2011) (unpublished) ("Because appellants raise issues based upon legislation enacted post-sentencing, our review is *de novo*.").

[9] *See Johnson*, 520 U.S. at 464-65; *see also United States v. Escalante-Reyes*, 689 F.3d 415, 418 (5th Cir. 2012) (en banc) (applying plain error standard of review when law at the time of trial or plea is unsettled but becomes clear by the time of appeal).

[10] *Henderson v. United States*, 133 S. Ct. 1121, 1126-27 (2013) (alterations in original) (internal quotation marks omitted).

[11] *Id.* at 1129.

district court's misapplication of the Guidelines, he would have received a lesser sentence."[12]   In order for a sentencing error to affect a defendant's substantial rights the incorrectly calculated sentencing range must be materially higher than the correctly calculated guidelines range.[13]   If the correct and incorrect sentencing ranges overlap and the defendant has been sentenced within this overlap, "we do not assume, in the absence of additional evidence, that the sentence affects a defendant's substantial rights."[14]  Garcia-Carrillo was sentenced to 89 months from a guidelines range of 84-105. If Garcia-Carrillo had received the additional one-point reduction, he would have had a guidelines range of 77-96 months.[15]  Therefore, he was sentenced within the overlap between the two sentences.  This is not a case where the two guidelines ranges barely overlap.[16]  Rather, the ranges substantially overlap. In such cases, "we have shown considerable reluctance in finding a reasonable probability that the district court would have settled on a lower sentence."[17] Because of this overlap and because of Garcia-Carrillo's failure to otherwise show a reasonable probability of a different result, any error that may have occurred regarding § 3E1.1(b) did not affect his substantial rights.

### III

Garcia-Carrillo alternatively contends that even if the amendment is inapplicable on direct appeal, his case should be remanded so that the district

---

[12] *United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011).

[13] *Id.* (citing *United States v. John*, 597 F.3d 263, 284-85 (5th Cir. 2010)).

[14] *United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010).

[15] U.S.S.G. ch. 5, pt. A (Sentencing Table).

[16] *See Mudekunye*, 646 F.3d at 290-91 (holding that it was plain error when correct and incorrect sentencing guidelines ranges only overlapped by one month and defendant was sentenced outside of the one-month overlap).

[17] *Blocker*, 612 F.3d at 416.

court can resentence him with the knowledge that the amendment exists. The intervening amendment could plausibly influence the district court's decision on whether to exercise discretion and deviate from the applicable advisory guidelines range. Garcia-Carrillo argues that the existence of the amended guideline, even if not directly applicable in his case, "might alter the district court's ultimate choice of a *discretionary* sentence in the post-*Booker* era."[18]

Garcia-Carrillo relies on a decision from the First Circuit, *United States v. Godin*,[19] in which the court remanded an appeal for resentencing in light of a post-sentencing amendment despite the fact that the amendment was substantive and not clarifying. The non-retroactive amendment in *Godin* changed the previous treatment of convictions for criminal history purposes.[20] The First Circuit rationalized its decision to remand on the basis that the existence of the amendment could plausibly affect the district court's choice of sentence even though it was not directly applicable to the defendant's case.[21]

We decline to follow the First Circuit's approach. To do so would not comport with our plain error standard of review. Additionally, as the Seventh Circuit has recognized, "*Godin* is an outlier" among the circuits.[22] Though we are sympathetic to Garcia-Carrillo's circumstances in that his failure to waive his appellate rights may have affected the sentence that was imposed by the district court, we cannot say that any error that may have been committed was plain error.

\* \* \*

---

[18] *See United States v. Godin*, 522 F.3d 133, 136 (1st Cir. 2008).

[19] 522 F.3d 133 (1st Cir. 2008).

[20] *Godin*, 522 F.3d at 134.

[21] *Id.* at 136.

[22] *United States v. Alexander*, 553 F.3d 591, 593 (7th Cir. 2009); *see also United States v. Urena*, 659 F.3d 903, 909-10 (9th Cir. 2011) (declining to follow *Godin*).

No. 12-11161

The judgment of the district court is AFFIRMED.