# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41197
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

YESICA MAGANA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-1420-5

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Yesica Magana was convicted of conspiring to launder monetary instruments (count 10) and engaging in monetary transactions in property derived from drug trafficking (count 12). Following remand and resentencing, Magana challenges the resentence for count 10.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-41197

still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Because Magana did not raise in district court the two issues presented on appeal, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Magana must show a forfeited plain (clear or obvious) error that affected her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If she does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

The district court originally determined a total sentence of 135 months was warranted. Our court affirmed the 120-month sentence for count 12. *United States v. Alaniz*, 726 F.3d 586, 628 (5th Cir. 2013). On resentencing, to achieve a total punishment of 135 months, the court imposed 120 months as to count 10 and ordered that 15 months of that sentence run consecutively to the 120-month sentence for count 12.

For the first of her two issues, Magana contends the district court misapplied Guideline § 5G1.2(d) by imposing a partially consecutive sentence to achieve a total sentence of 135 months. Guideline § 5G1.2(d) states: "If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." As noted, at resentencing, the court imposed 120 months of imprisonment on count 10 to run partially concurrently with, and partially consecutively to, the 120-month sentence on count 12, for a total sentence of 135 months' imprisonment.

No. 13-41197

Accordingly, the district court complied with Guideline § 5G1.2(d). *E.g.*, *United States v. Heard*, 709 F.3d 413, 426 (5th Cir. 2013), *cert. denied*, *Lambert v. United States*, 134 S. Ct. 470 (2013). Contrary to Magana's assertion, the district court was not limited to the Guidelines' minimum sentence of 108 months or constrained by count 10's statutory maximum sentence of 120 months in selecting the total punishment. *E.g.*, *United States v. Garcia*, 322 F.3d 842, 845-46 (5th Cir. 2003). There was no plain error.

For her other issue, Magana claims the district court acted vindictively by resentencing her to 135 months' imprisonment. As noted, this claim is reviewed also for plain error. *United States v. Scott*, 48 F.3d 1389, 1398 (5th Cir. 1995). Magana concedes the 135-month total sentence is the same as the original sentence. Accordingly, she did not receive a harsher sentence on resentencing. Therefore, the presumption of vindictiveness for such harsher sentences does not apply. *United States v. Campbell*, 106 F.3d 64, 68-69 (5th Cir. 1997). As with the first issue, there was no plain error.

AFFIRMED.