# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-41200
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 1, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MAYRA LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-1420-3

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Mayra Lopez appeals the sentence imposed on remand.  The district court originally sentenced her to 135 months for conspiring to launder money (Count 10) and 120 months for engaging in monetary transactions in property derived from unlawful activity (Count 11).  The sentences were concurrent for a total of 135 months, at the bottom of the advisory guideline range.  However, due to uncertainty about the specific crime underlying the jury verdict on the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conspiracy count, we remanded for resentencing on Count 10 and the application of the 10-year mandatory maximum sentence of 18 U.S.C. § 1957 rather than the 20-year maximum of 18 U.S.C. § 1956. *United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013).

On remand, after an offense-level reduction not at issue, the revised guideline range was 108 to 135 months. The district court resentenced Lopez to 120 months on Count 10, but made the sentence partially consecutive to the 120-month sentence on Count 11 so that the total sentence was again 135 months, which was the top of the revised guideline range.

Lopez contends that the 135-month sentence exceeds the 120-month statutory maximum sentence and that the sentence was vindictive. Lopez objected generally to the reasonableness of the sentence, but she did not raise either of the arguments she now raises on appeal. Therefore her claims are reviewed for plain error. *See United States v. Medina-Torres*, 703 F.3d 770, 773 74 (5th Cir. 2012). Lopez must therefore show a forfeited error that was "clear or obvious, rather than subject to reasonable dispute," and that affected her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If she does, we may correct the error if it seriously affects the integrity, fairness or public reputation of the court proceedings. *Id.*

When a defendant is convicted of multiple counts, and the highest statutory maximum sentence is less than "the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." U.S.S.G. § 5G1.2(d). Lopez argues that her "total punishment" is her revised guideline minimum sentence of 108 months, so that a 120-month sentence exceeded her total punishment and could not therefore be made consecutive to go above 120 months. However, "total punishment" is

the "length of the sentences [as] determined by the court after determining . . . the defendant's guideline range." § 5G1.2, comment. (n.1). Total punishment encompasses any sentence within the guideline range. *See United States v. Williams*, 602 F.3d 313, 319 (5th Cir. 2010) (reasoning that total punishment could not exceed the top of the guideline range); *United States v. Kings*, 981 F.2d 790, 798 (5th Cir. 1993) (speaking in terms of the total punishment "range" and affirming a sentence at the top of the guideline range). Lopez has failed to show any error that was "clear or obvious, rather than subject to reasonable dispute." *Puckett*, 556 U.S. at 135.

To succeed on her vindictive-sentence claim, Lopez must first show that the second sentence was more severe than the first. *See United States v. Vontsteen*, 950 F.2d 1086, 1092 (5th Cir. 1992) (en banc). We "compare the total original sentence to the total sentence after resentencing. If the new sentence is greater than the original sentence, the new sentence is considered more severe." *United States v. Campbell*, 106 F.3d 64, 68 (5th Cir. 1997). Because the 135-month second sentence is the same as the original sentence, Lopez has not identified any error. Moreover, the district court gave objective reasons for imposing the same sentence, and the court considered evidence of Lopez's rehabilitation while in prison but was unswayed. *Cf. Pepper v. United States*, 131 S. Ct. 1229, 1241 (2011) (holding that a court on resentencing may consider a defendant's post-sentence rehabilitation).

Moreover, because Lopez's new sentence was within a correct guideline range, it is presumed reasonable and is not presumed to have adversely affected her substantial rights. *See States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *United States v. Garcia-Carrillo*, 749 F.3d 376, 379 (5th Cir. 2014). The judgment is AFFIRMED.