# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-41214
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSEFINA GALAVIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-1420-4

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Josefina Galaviz was convicted of conspiring to launder monetary instruments (count 10) and engaging in monetary transactions in property derived from drug trafficking (counts 13 and 14) and received a 135-month sentence. This court remanded the case for resentencing on the sole basis that count 10 carried a 120-month statutory maximum. *United States v. Alaniz*, 726 F.3d 586, 619, 628 (5th Cir. 2013). On remand, the district court ordered

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41214

count 10's maximum term to run partially concurrently with, and partially consecutively to, the 120-month terms previously imposed on each of counts 13 and 14, for an aggregate 135-month term.

Galaviz appeals the sentence imposed on remand, contending that the district court misapplied U.S.S.G. § 5G1.2(d) by imposing a partially consecutive sentence to achieve a total sentence of 135 months. We review this claim for plain error because she failed to raise it below. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). The district court determined on remand that a total sentence of 135 months was still warranted because the facts of the case had remained unchanged. To achieve a total punishment of 135 months, the district court imposed the 120-month statutory maximum on count 10 and effectively ordered that 15 months of that term run consecutively to the 120-month sentences for each of counts 13 and 14. This 135-month total sentence was sanctioned by § 5G1.2(d). *See United States v. Heard*, 709 F.3d 413, 426 (5th Cir.), *cert. denied*, 134 S. Ct. 470 (2013); *United States v. Williams*, 602 F.3d 313, 319 (5th Cir. 2010). Galaviz's additional argument that the district court was constrained by count 10's statutory maximum sentence in selecting the total punishment is based on an erroneous reading of *United States v. Garcia*, 322 F.3d 842 (5th Cir. 2003). We recently affirmed the sentences of two of Galaviz's codefendants who raised similar arguments. *United States v. Lopez*, No. 13-41200, 2014 U.S. App. LEXIS 18772 *3-4 (5th Cir. Oct. 1, 2014); *United States v. Magana*, No. 13-41197, 2014 U.S. App. LEXIS 18649 *3-4 (5th Cir. Sept. 30, 2014). Galaviz has shown no error, plain or otherwise.

Lastly, Galaviz contends that the district court acted vindictively by resentencing her to a total sentence of 135 months. We review this claim also for plain error only. *See United States v. Scott*, 48 F.3d 1389, 1398 (5th Cir. 1995). Because Galaviz received a 135-month aggregate term both at her

No. 13-41214

original sentencing and on remand, the presumption of vindictiveness does not apply. *See United States v. Campbell*, 106 F.3d 64, 68 (5th Cir. 1997); *see also Lopez,* 2014 U.S. App. LEXIS 18772 at *4; *Magana*, 2014 U.S. App. LEXIS 18649 at *4. Consequently, she has shown no plain error in this regard as well.

AFFIRMED.