# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40324

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SAUL MOLINA-MARTINEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CR-848-1

Before STEWART, Chief Judge, and JONES and HIGGINSON, Circuit Judges.

PER CURIAM:*

Saul Molina-Martinez pleaded guilty, without the benefit of a plea agreement, to being illegally present in the United States following deportation, having been convicted of an aggravated felony. 8 U.S.C. §§ 1326(a), (b). The district court sentenced Molina-Martinez to 77 months in prison, at the bottom of the 77 to 96 month Sentencing Guidelines range set

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

forth in the presentence report, and to a three-year term of supervised release. For the first time on appeal, Molina-Martinez argues that the district court erred in calculating his criminal history category, and that the correct Guidelines range should have been 70 to 87 months. Because he did not object on this ground in the district court, we review the claim for plain error. *See United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011). Molina-Martinez must show an error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Under the Sentencing Guidelines, prior sentences are counted as a single sentence if they were imposed on the same day, unless the "offenses . . . were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. § 4A1.2(a)(2). Molina-Martinez committed four aggravated burglaries in Tennessee in May 2009, and he committed a fifth aggravated burglary and a theft in May 2010. His first arrest for any of these offenses occurred in June 2010. The probation officer imposed a total of nine criminal history points for three of these offenses pursuant to U.S.S.G. § 4A1.1(a) and two additional points for the uncounted offenses under § 4A1.1(e), resulting in a total of 18 criminal history points and a criminal history category of VI. However, because there was no intervening arrest between the Tennessee burglaries, Molina-Martinez should have received only a total of 12 criminal history points, which results in a criminal history category of V. The correct calculation would have reduced Molina-Martinez's Guidelines range from 77–96 months to 70–87 months. The government concedes this error. Molina-Martinez therefore has shown a plain

No. 13-40324

or obvious error in the criminal history calculation. *See Puckett*, 556 U.S. at 135.

Molina-Martinez has not, however, established that the error affected his substantial rights. Molina-Martinez must "show a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence." *United States v. Garcia-Carrillo*, 749 F.3d 376, 379 (5th Cir. 2014) (internal quotation marks and citation omitted).[1] The district court imposed a prison sentence of 77 months, which is at the bottom of the Guidelines range applied by the court and in the middle of the properly calculated range. "[W]hen the correct and incorrect ranges overlap *and the defendant is sentenced within the overlap*, 'we do not assume, in the absence of additional evidence, that the sentence affects a defendant's substantial rights.'" *Mudekunye*, 646 F.3d at 290 (emphasis in original) (quoting *United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010)). Thus, because his sentence fell within both the correct and incorrect Guidelines range, Molina-Martinez acknowledges that our controlling caselaw obliges him to point to "additional evidence" in the record, other than the difference in ranges, to show an effect on his substantial rights. *United States v. Pratt*, 728 F.3d 463, 481–82 (5th Cir. 2013). Record evidence that the Guidelines range was a "primary factor" in sentencing may be sufficient "additional evidence." *Id.* at 482. In *Pratt*, the district court affirmatively stated on the record that it felt a within-Guidelines sentence was appropriate and that it was choosing a sentence in

---

[1] Although Molina-Martinez contends that an error in the Guidelines calculations should be considered presumptively prejudicial, he concedes that the issue is foreclosed by our precedent and raises the argument only to preserve it for further review.

No. 13-40324

the middle of the Guidelines range; we noted that this was evidence that the Guidelines range was a primary factor in sentencing. *Id.*[2]

Molina-Martinez has not shown additional evidence that the sentence affected his substantial rights. The mere fact that the court sentenced Molina-Martinez to a low-end sentence is insufficient on its own to show that Molina-Martinez would have received a similar low-end sentence had the district court used the correct Guidelines range. *See United States v. Jones*, 596 F.3d 273, 279 (5th Cir. 2010). The district court made no explicit statement suggesting that the Guidelines range was a primary factor in sentencing. Neither the parties' anchoring of their sentencing arguments in the Guidelines nor the district court's refusal to grant the government's request for a high-end sentence of 96 months is "additional evidence" that the sentence affected Molina-Martinez's substantial rights. Accordingly, Molina-Martinez has not established plain error warranting reversal by this court. *See Puckett*, 556 U.S. at 135. The judgment of the district court is AFFIRMED.

---

[2] The court noted also in *Pratt* that there was uncertainty whether an overlap existed at all between the Guidelines range utilized and the correct range. *See Pratt*, 728 F.3d at 482.