# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10461
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WALTER JAVIER SALGADO-ROSALES,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-262-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Walter Javier Salgado-Rosales pleaded guilty to illegal reentry following deportation and was sentenced to 63 months of imprisonment. He contends on appeal that the district court wrongly assessed a 16-level enhancement under U.S.S.G. § 2L1.2 based on his prior conviction for a crime of violence. Salgado-Rosales did not preserve this issue in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10461

district court so our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009).

The government has the burden of proving "by a preponderance of the relevant and sufficiently reliable evidence the facts necessary to support the adjustment." *United States v. Herrera-Solorzano*, 114 F.3d 48, 50 (5th Cir. 1997) (internal quotation marks and citation omitted). Salgado-Rosales maintains that the state court records offered by the government in the district court are inconsistent as to the identity of his prior offense and thus are not determinative of whether he was convicted of a crime of violence. He argues that, although the records all state that he was convicted of aggravated assault under Texas Penal Code § 22.02, which is a crime of violence, a notation in the amended judgment about the degree of the offense suggests that his conviction might have been for simple assault under Texas Penal Code § 22.01, which is not a crime of violence. *See United States v. Fierro-Reyna*, 466 F.3d 324, 327-28 (5th Cir. 2006); *United States v. Guillen-Alvarez*, 489 F.3d 197, 200-01 (5th Cir. 2007).

To the extent that the instant claim does not involve an issue of fact that cannot constitute plain error, *see United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010), the records are sufficiently reliable to establish that Salgado-Rosales was convicted under § 22.02. The initial and amended judgments are unambiguous as to the nature of the offense and the statute of conviction and no state court record contains an express reference to any other offense or statute. Salgado-Rosales's contention that the amended judgment reflects the possibility that his offense was reduced to simple assault under § 22.01 is speculative and finds no support in the record. The documents instead reflect that the amended judgment contains a typographical error. As Salgado-Rosales has failed to show a clear or obvious error in the district court's

No. 16-10461

conclusion that he committed a crime of violence, he has failed to show that the district court plainly erred.  *See Puckett*, 556 U.S. at 135.

Salgado-Rosales further contends that his case should be remanded for resentencing to enable the district court to consider whether a lesser sentence is appropriate in light of a November 2016 amendment to § 2L1.2.  He asserts that the amendment, which was not in effect at the time of his sentencing, has rendered his sentence excessive.  He failed to raise this contention in the district court, so we review for plain error.  *See Puckett*, 556 U.S. at 134-35.

The district court appropriately applied the Sentencing Guidelines that were in effect at the time of sentencing.  *See United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007).  The court did not plainly err by not considering pending or intervening amendments to the Guidelines.  *See United States v. Garcia-Carrillo*, 749 F.3d 376, 379 (5th Cir. 2014).  Salgado-Rosales is not entitled to resentencing based on the amendments.  *See United States v. Posada-Rios*, 158 F.3d 832, 880 (5th Cir. 1998).

The judgment of the district court is AFFIRMED.