# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-31053
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 23, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAY SANDIFER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:10-CR-298-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jay Sandifer appeals his sentence for receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2). The district court's guideline calculation reflected a two-level reduction for acceptance of responsibility under U.S. Sentencing Guidelines Manual (U.S.S.G.) § 3E1.1(a), but the Government did not move for an additional one-level reduction under § 3E1.1(b). The court sentenced Sandifer within the advisory guideline range to 108 months of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-31053

imprisonment, a $15,000 fine, and five years of supervised release. Sandifer argues that we should remand the case to the district court to rule out the possibility that the Government had improper motives in refusing to move for the additional one-level reduction.

We review the issue for plain error. *United States v. Garcia-Carrillo*, 749 F.3d 376, 378 (5th Cir. 2014) (per curiam). After Sandifer was sentenced, the Sentencing Commission amended § 3E1.1's commentary to clarify that the Government should not withhold a motion for the third-level reduction "based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right to appeal." U.S.S.G. app. C amend. 775 at 43 (2013) (codified at U.S.S.G. § 3E1.1 cmt. n.6). The amendment applies to cases pending on direct appeal. *United States v. Villegas Palacios*, 756 F.3d 325, 326 & n.1 (5th Cir. 2014) (per curiam).

Sandifer's speculation that the Government may have had improper motives in withholding the motion falls short of a showing of clear or obvious error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Moreover, the record indicates that Sandifer did not plead guilty until three days before trial, after the Government had engaged in significant trial preparation and after the trial date had been continued at his request.

AFFIRMED.