# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 6, 2018

Lyle W. Cayce
Clerk

No. 17-40344

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee

v.

RICARDO ROCHA,

　　　　Defendant – Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:16-CR-442-1

Before JOLLY, JONES, and HAYNES, Circuit Judges.

PER CURIAM:*

　　Ricardo Rocha appeals the district court's requirement that, as a special condition of supervised release, Rocha participate in a mental health treatment program. He argues that the district court erred in imposing this special condition of supervised release because it is not reasonably related to the statutory sentencing factors under 18 U.S.C. §§ 3583(d)(1) and 3553(a), such that it imposes a greater deprivation of liberty than necessary to achieve the statutory sentencing goals. For the reasons explained below, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40344

## I.  Background

Rocha pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1]  Following the guilty plea, probation prepared a presentence report ("PSR") to determine Rocha's sentence.  Relevant to this appeal, the PSR recommended that, as special conditions of supervised release, Rocha be required to submit to a mental health treatment program and anger management counseling.  Probation justified its imposition of the mental health treatment special condition, stating,

> [Rocha] reported no history of mental or emotional health related problems.  [Rocha]'s wife, Elizabeth Rocha, indicated that although [Rocha] has never been diagnosed with any mental health issues, she believes he may suffer from bi-polar disorder as there is a history in his family.  Additionally, Mrs. Rocha related [Rocha] has episodes wherein he changes moods without reason.  It is noted [Rocha]'s criminal history involves several arrests which involved assaultive behavior.  [Rocha] would benefit greatly from mental health evaluation and treatment while of [sic] supervised release.

Probation justified the anger management counseling with nearly identical language to the criminal history concern related to the mental health treatment special condition, stating, "[Rocha]'s criminal history involves several arrests which involved assaultive behavior.  [Rocha] would benefit greatly from anger management treatment while of [sic] supervised release."

The PSR reported Rocha's lengthy criminal history, including convictions[2] and other instances of criminal conduct where there was no final

---

[1] At the time of his arrest, Rocha was on supervised release following a guilty plea to felony conspiracy to distribute cocaine.

[2] Rocha was adjudicated guilty for engaging in delinquent conduct, related to a charge of felony aggravated assault by use of a deadly weapon (juvenile offense).  He pleaded guilty

2

No. 17-40344

adjudication.[3]   Rocha denied being a gang member, but he had previously identified as a member of Hermano de Pistoleros Latino and was classified as a suspected member.  Rocha objected to the PSR on grounds not relevant here.

At the sentencing hearing, the judge detailed Rocha's litany of offenses, stating, "[Y]ou have a long and horrible record here."  She stated that Rocha was "getting real close" to being a danger to the community due to his weapons and drug use.  The judge expressed concern about Rocha's path with criminality, saying that her sentencing decision would focus on "punishment and rehabilitation" after considering the 18 U.S.C. § 3553(a) factors.  During sentencing, she imposed, inter alia, supervised release special conditions involving "mental health treatment in general" and anger management, stating that "it's very well documented on why we need that kind of assistance." Rocha's attorney responded to the imposition of the special conditions, stating,

> With that said, Judge, I'm sorry to interrupt the Court. We don't know that.  He's never been diagnosed.  But there appears to be maybe a possibility of a mental condition that needs to be addressed.  And I brought it up here at [GEO Correctional Facility] and obviously they say, you need to wait until you go to the Court and he's actually in [Bureau of Prisons] custody.  So, that may also be something that needs to be addressed.

---

to (1) misdemeanor assault causing bodily injury while in the custody of the Texas Youth Commission; (2) felony possession of a controlled substance (cocaine); (3) misdemeanor possession of marijuana; and (4) felony conspiracy to distribute cocaine.

[3] Rocha's other criminal conduct includes one or more instances of the following: (1) misdemeanor possession of marijuana (juvenile); (2) felony deadly conduct by discharging a firearm (juvenile); (3) felony aggravated assault with a deadly weapon (juvenile); (4) misdemeanor terroristic threat (juvenile); (5) misdemeanor evading arrest/detention (juvenile); (6) misdemeanor escape from custody (juvenile); (7) misdemeanor failure to identify a fugitive with intent to give false information (juvenile); (8) felony possession of a controlled substance; (9) felony assault causing serious bodily injury; (10) misdemeanor assault causing bodily injury to a family member; and (11) misdemeanor possession of marijuana.

No. 17-40344

In response, the judge stated,

> Okay. I'll do that while you're at the BOP, also. But, right now, with regard to supervised release, it's mental health because we need to figure out -- I hope we figure it out before you get released -- that will be my goal. . . . [W]e need to get you evaluated from a mental health professional so that we can figure out if you have a diagnosis.

The judge subsequently addressed Rocha, stating,

> Your wife seems to think that you're bi-polar. That may be the drug usage also, but there may be other issues that have not been diagnosed and maybe that is why you have a lot of -- had these issues from when you were a young child. So, we're going to do mental health, anger management, but it's imperative that while you are doing the drug treatment that you get your initialed consultation evaluation on the mental health so that we can do those things together. And then after that it will be the continued mental health treatment and anger management counseling.

Rocha's attorney did not comment further on the imposition of the mental health treatment special condition.

Rocha appeals only the imposition of the mental health treatment special condition of supervised release. The parties also dispute the standard of review to be applied here. We determine the standard of review before turning to the merits of this case.

## II. Standard of Review

We review conditions of supervised release for abuse of discretion. *United States v. Huor*, 852 F.3d 392, 397 (5th Cir. 2017). However, when a defendant does not object to the special conditions at the sentencing hearing, plain error review applies. *Id.* at 398. Rocha argues that his attorney's statements at the sentencing hearing in response to the judge's imposition of

the mental health treatment special condition amounted to an objection to preserve the error for appeal.

We disagree. "A party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus, obviate the need for our review." *United States v. Gutierrez*, 635 F.3d 148, 155 (5th Cir. 2011) (quoting *United States v. Mondragon–Santiago,* 564 F.3d 357, 361 (5th Cir. 2009)). While Rocha's attorney stated that "[w]e don't know [if Rocha has a mental health problem]" because "[h]e's never been diagnosed," she immediately suggested that Rocha be evaluated for mental health issues when he is in custody. The judge acknowledged the attorney's request for mental health counseling while in custody before reiterating her statements regarding the importance of mental health counseling while on supervised release. The judge agreed with Rocha's attorney that Rocha did not have a currently diagnosed condition, but noted that a mental health evaluation during supervised release would help to determine Rocha's mental health. In the context of the hearing as a whole, it is clear that Rocha's attorney was concerned about Rocha's mental health and, in her statements, was simply trying to assure that Rocha would receive mental health treatment, at the least, while in custody.[4] It is wholly unclear that Rocha's attorney objected to mental health treatment during supervised release. The sentencing judge had no indication from the attorney's statement that she should reconsider imposing the mental health treatment special condition of supervised release. To the contrary, the gist of the exchange would lead the district judge to think

---

[4] The government makes a related argument that Rocha's attorney invited the error by suggesting Rocha be evaluated for mental health issues. *See United States v. Salazar*, 751 F.3d 326, 332 (5th Cir. 2014) ("A defendant 'may not complain on appeal of errors that he himself invited or provoked the district court to commit.'" (ellipses and modification omitted) (quoting *United States v. Wells*, 519 U.S. 482, 487–88 (1997))). Because we conclude that the Government prevails even under plain error review, we need not address this argument.

that Rocha's attorney agreed with her, and Rocha's attorney did not make any further objections.

Because Rocha did not preserve this issue on appeal, we review for plain error. We find plain error only if the party challenging the sentence shows: "(1) there is an error, (2) the error is plain, (3) the error affects substantial rights and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Gordon*, 838 F.3d 597, 604 (5th Cir. 2016) (alterations omitted) (quoting *United States v. Garcia–Carrillo*, 749 F.3d 376, 378 (5th Cir. 2014) (per curiam)).

## III.   Discussion

"The district court has wide discretion to impose upon a defendant a term of supervised release as part of its sentencing decision." *Id.* However, special conditions of supervised release must be "reasonably related" to at least one of the following factors: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "afford[ing] adequate deterrence to criminal conduct"; (3) "protect[ing] the public from further crimes of the defendant"; and (4) "provid[ing] the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. §§ 3553(a)(1), (2)(B)–(D), 3583(d)(1); *see also United States v. Weatherton*, 567 F.3d 149, 153 & n.1 (5th Cir 2015). Even if the special conditions can be justified under the § 3553(a) considerations, they can "involve no greater deprivation of liberty than is reasonably necessary for the purposes [of § 3553(a)(2)(B–D)]."[5] § 3583(d)(2). If the district court, based upon the record, has a basis to believe treatment is necessary, then such a

---

[5] The special conditions also must be "consistent with any pertinent policy statements issued by the Sentencing Commission." § 3583(d)(3). Rocha does not argue that his special condition is inconsistent with Sentencing Commission policy statements. Therefore, this argument is waived. *See United States v. Zuniga*, 860 F.3d 276, 284 n.9 (5th Cir. 2017).

condition can be imposed. *United States v. Alvarez*, 880 F.3d 236, 240 (5th Cir. 2018) (per curiam); U.S.S.G. § 5D1.3(d)(5) ("If the court has reason to believe that the defendant is in need of psychological or psychiatric treatment [the following condition is recommended]—a condition requiring that the defendant participate in a mental health program . . . .").

After noting that a mental health condition could be appropriate in specified circumstances, the majority opinion in *Alvarez* concluded that the district court erred in imposing the special condition where the district court made no "specific factual finding" in support of the condition. *Alvarez*, 880 F.3d at 240–241. Unlike that case, here the district court clearly articulated concern regarding Rocha's mental health (as did Rocha's attorney) both prior to and concurrent with sentencing him to the mental health treatment special condition. In the context of the proceeding as a whole, the court appears to have reasonably believed that mental health treatment would help to rehabilitate Rocha. *See United States v. Guerra*, 856 F.3d 368, 369–70 (5th Cir. 2017) (affirming as modified the imposition of a mental health condition of supervised release, noting the defendant's history of mental health issues and the fact that, "[a]t sentencing, [the defendant's] counsel likewise pointed out his 'mental health issues.'").

Second, in contrast to *Alvarez*, the PSR here did recommend mental health treatment as a special condition of supervised release. *See id* at 369.

Third, also unlike *Alvarez*, while Rocha has never been diagnosed with a mental health condition, here, record evidence gave the court "reason to believe" that Rocha may suffer from a mental health condition. *See id.* (noting that "providing appropriate treatment for prisoners with known mental problems is . . . a core duty of judges"); *Gordon*, 838 F.3d at 600, 604 (indicating that the absence of record evidence of a questionable mental health history or diagnosis as a factor in finding plain error). Rocha's wife had expressed

concern that he was bipolar due to a history in his family. She noted that he "has episodes wherein he changes moods without reason." Further, unlike the defendant in *Alvarez*, who had "no criminal history at all," 880 F.3d at 241, Rocha had extensive criminal history from a young age at the time of his offense here. This was of prime concern to the court when considering Rocha's mental health. Therefore, the record here provides significantly more support than the record in *Alvarez* for the imposition of mental health treatment special conditions of supervised release.

Rocha cites to our decision in *Gordon* for the proposition that a violent criminal history cannot justify mental health treatment special conditions but can only justify anger management special conditions of supervised release. In *Gordon*, the parties agreed that the record did not support the imposition of the mental health treatment special condition because it was in response to the defendant's history of anger and violence, which was addressed by the anger management counseling special condition. 838 F.3d at 604. We agreed. *Id.* at 604–05. However, this case is not *Gordon*. Here, the district court stated that the mental health treatment special conditions were not solely for the purpose of correcting a history of violent offenses; the purpose was to ensure that, (1) should Rocha's wife's concerns be valid, Rocha is diagnosed with a mental health condition, and (2) Rocha's mental health needs are met given his history of substance abuse and drug offenses, along with the violent offenses. Anger management alone could not address each of those issues. Because the special conditions serve different purposes, combining mental health treatment with anger management counseling as special conditions of supervised release is not plain error. *See Gordon*, 838 F.3d at 604–05.

As a final note, we emphasize that the mental health treatment special condition is modifiable while Rocha is on supervised release. 18 U.S.C. § 3583(e)(2); *see United States v. Mendoza-Velasquez*, 847 F.3d 209, 213–14 (5th

Cir. 2017) (per curiam).  The sentencing judge here was especially concerned with ensuring that, if Rocha does have a mental health condition, that it is diagnosed and then treated.  If testing reveals that Rocha does not have a mental health condition, he may move to modify at that time.

AFFIRMED.