# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 17-30003

————————

United States Court of Appeals
Fifth Circuit

**FILED**
August 22, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff – Appellee

v.

VERONIQUE ALLEN,

      Defendant – Appellant.

————————

Appeal from the United States District Court
for the Eastern District of Louisiana

————————

Before DAVIS, JONES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

    Veronique Allen ("Allen") appeals the imposition of a special condition of supervised release requiring her to participate in a cognitive behavioral therapeutic treatment program, arguing that, because the condition does not reasonably relate to the statutory factors governing special conditions of supervised release, the district court plainly erred. Because the district court did not explain how the condition is reasonably related to one of the factors set out by 18 U.S.C. § 3553(a), and it is not obvious from the record that there is a

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30003

basis for the special condition, we vacate the challenged condition and remand for proceedings consistent with this opinion.

## I.

Allen began transporting cocaine in the mid-2000s for her coconspirators, Donald Sampson ("Sampson") and Christopher Taylor ("Taylor"). In furtherance of the conspiracy, she repeatedly transported cocaine and proceeds from the sale of cocaine in a vehicle between Houston, Texas, and Bogalusa, Louisiana. She ceased operating as a courier between 2009 and 2011 after Sampson moved from Houston to Bogalusa but resumed when Sampson moved back to Houston in 2011.

On April 10, 2012, law enforcement officers initiated a traffic stop on the vehicle Allen was driving. Allen consented to a search of the vehicle, and the officers discovered $20,320 concealed in a container of Gain laundry detergent. On April 13, 2013, law enforcement officers again initiated a traffic stop on the vehicle Allen was driving. Again, Allen consented to a search of the vehicle, at which point the officers discovered 2,203 grams of cocaine concealed inside a sealed container of Tide laundry detergent.

On April 30, 2013, Allen was arrested. On February 20, 2014, Allen was convicted in Louisiana state court for possession with the intent to distribute cocaine and sentenced to eighteen years of imprisonment. Subsequent to a writ of habeas corpus ad prosequendum, Allen was transferred to federal custody on March 11, 2015. On June 15, 2016, Allen pleaded guilty to the federal offense of conspiracy to possess with intent to distribute five or more kilograms of cocaine hydrochloride, and the district court accepted her plea. Following Allen's guilty plea, she was interviewed by a probation officer for the purposes of preparing her Pre-Sentence Investigation Report ("PSR").

According to the PSR, Allen's parents divorced when she was in third grade, and she thereafter remained in her mother's care. After her parents

were divorced, Allen's mother "was involved in two relationships that were abusive," and Allen witnessed some of the abuse. Allen also became aware at some point that "her sister was being molested by one of her step-brothers." She also reported being married to a man in 2006, whom she described as "verbally and emotionally abusive."[1]

Allen reported "having no history of mental health or emotional problems" and was not, at the time of the interview, "taking any prescription medication for mental health or emotional concerns." She also reported "no history of substance abuse problems and no history of substance abuse treatment." In the PSR, the probation officer recommended that Allen be required to undergo "cognitive programming," as a special condition of Allen's supervised release as follows:

> [T]he defendant shall participate in an approved cognitive behavioral therapeutic treatment program and abide by all supplemental conditions of treatment. The defendant shall contribute to the cost of this program to the extent that the defendant is deemed capable by the United States Probation Officer.

The PSR provided no explanation for this cognitive behavioral therapeutic treatment ("CBT") condition, and Allen did not object to the PSR.

In her allocution, Allen apologized to her children, family, community, and the court. She took full responsibility for her actions and remarked that

---

[1] Allen has three adult children in their early twenties, each of whom is in good health and employed. Her oldest daughter is enlisted in the United States Air Force. She also has one minor child, who is in good health and resides with his father. Allen has a good relationship with all of her children and both of her parents. She was employed by Kids Footlocker in Houston from January 2003 to January 2013, as a store manager. From April 11, 2013, until her arrest, Allen was employed by Citi Trends as a store manager. Allen graduated high school in 1990 and has been enrolled several times in various higher education and vocational institutions; from 2011 until her arrest, she was enrolled in Lone Star College in Houston.

No. 17-30003

she had "come to terms with [her] faults," had "made very poor decisions," and was "ashamed of the decisions."

On December 21, 2016, the district court reluctantly imposed a sentence of 120 months of imprisonment—the mandatory minimum—to be followed by five years of supervised release.[2]   In imposing the special conditions of supervised release, the district court ordered that Allen "participate in an approved cognitive behavioral treatment program."  The district court made no findings as to why such a treatment program was necessary.  Allen did not object to the special condition.

Allen timely appealed, challenging the inclusion of the CBT special condition in her sentence.

## II.

This Court "typically reviews the imposition of a special condition of supervised release for abuse of discretion."[3]  But because Allen failed to object either to the inclusion of the CBT special condition in the PSR or to its imposition at sentencing, we review for plain error, which requires "considerable deference to the district court."[4]

Plain error exists if (1) there is an error, (2) the error is plain, and (3) the error affects the defendant's substantial rights.[5]  If these three prongs are satisfied, we have "the *discretion* to remedy the error—discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public

---

[2] Allen became eligible for release from state incarceration in March 2018 based on good time behavior credit.  The federal sentence was imposed to run concurrent to the state sentence, with credit for time served dating to her arrest on April 30, 2013.

[3] *United States v. Gordon*, 838 F.3d 597, 604 (5th Cir. 2016) (citing *United States v. Rodriguez*, 558 F.3d 408, 411 (5th Cir. 2009)).

[4] *United States v. Peltier,* 505 F.3d 389, 391 (5th Cir. 2007); *see* FED. R. CRIM. PROC. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.").

[5] *Gordon*, 838 F.3d at 604 (quoting *United States v. Garcia-Carrillo*, 749 F.3d 376, 378 (5th Cir. 2014) (per curiam)).

No. 17-30003

reputation of judicial proceedings."[6]  The exercise of discretion at the fourth prong requires a "case-specific and fact-intensive inquiry," as "[t]here may be instances where countervailing factors" convince this Court that the fairness, integrity and public reputation of the proceedings "will be preserved absent correction."[7]

### III.

Allen argues first that the district court erred by failing to explain how the CBT condition was reasonably related to the statutory factors articulated in 18 U.S.C. § 3583(d)(1).  Second, she argues that because "there is absolutely no evidence that [she] suffers from any psychological or psychiatric issues needing mental-health treatment of any sort, let alone[] 'cognitive behavioral therapy,'" there is no reasonable relationship between the CBT condition and the statutory factors.

The government counters that, though the district court gave no reasons for imposing the CBT condition, its reasoning can be inferred from the record in two ways.  First, the government argues that the CBT condition addresses recidivism concerns because of Allen's behavior during the duration of the conspiracy, which included a return to trafficking after a two-year break.  Second, the government contends that the CBT condition addresses Allen's rehabilitative needs, which the government argues are "evidenced by her statements in the PSR and to the district court, to which she expressed her shame at her past decisions, her desire to be a better person, and her commitment to do everything in her power to make that happen."

---

[6] *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks and alterations omitted).

[7] *Rosales-Mirales v. United States*, --- U.S. ---, 138 S. Ct. 1897, 1909 (2018) (quoting *Puckett*, 556 U.S. at 142)).

No. 17-30003

District courts have broad discretion to impose special conditions of supervised release,[8] so long as they are "reasonably related" to the factors set forth in § 3553(a)(1), (a)(2)(b), (a)(2)(c), and (a)(2)(d):

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need to afford adequate deterrence to criminal conduct, (3) the need to protect the public from further crimes of the defendant, and (4) the need to provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner.[9]

But supervised release conditions must not involve any "greater deprivation of liberty that is reasonably necessary" to achieve the purposes of the latter three factors.[10] Finally, the conditions must be consistent with "any pertinent policy statement" issued by the Sentencing Commission.[11]

"Congress requires the sentencing court to state 'the reasons for its imposition of the particular sentence.'"[12] Generally, "[w]here the district court's rationale is unclear, it is incumbent upon us to vacate, though not necessarily to reverse."[13] But in some cases, where the district court fails to give reasons, this Court may affirm the imposition of a supervised release condition if the district court's reasoning can be inferred from an examination of the record.[14]

---

[8] *United States v. Fernandez*, 776 F.3d 344, 346 (5th Cir. 2015).

[9] *United States v. Paul*, 274 F.3d 155, 164–65 (5th Cir. 2001) (internal quotation marks and alterations omitted); *see* 18 U.S.C. § 3583(d); 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D).

[10] 18 U.S.C. § 3583(d)(2); *see Paul*, 274 F.3d at 165; U.S.S.G. § 5D1.3(b).

[11] 18 U.S.C. § 3583(d)(3).

[12] *United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014) (quoting 18 U.S.C. § 3553(c)).

[13] *Id.* (internal quotation marks omitted).

[14] *Id.* (citing *United States v. Perazza-Mercado*, 553 F.3d 65, 76 (1st Cir. 2009)); *see United States v. Guerra*, 856 F.3d 368, 370–71 (5th Cir. 2017) (discerning the district court's intentions as to the details of the mental health and drug treatment programs imposed as a special condition of defendant-appellant's supervised release by reviewing the PSR and defense counsel's representations to the court).

No. 17-30003

This Court has clarified that, when reviewing the imposition of a special condition for plain error, a district court plainly errs when it fails to explain the reasoning for imposing a special condition, and the special condition is not reasonably related to the statutory factors.[15]   And an appellant's substantial rights are affected if, had the error not occurred, the appellant "would not have been subjected to the unwarranted special condition because no record evidence reveals any justification for the condition."[16]   In cases concerning a special condition implicating the privacy concerns and potential stigma surrounding medical treatment, we have exercised our discretion to remedy a district court's plain error.[17]

Here, the district court erred, its error was plain, and the error affected Allen's substantial rights.[18]   In imposing the CBT condition in Allen's sentence, the district court gave no explanation for its doing so.[19]   Moreover, the record is bereft of evidence by which we can infer the district court's reasoning:  Allen had a criminal history level of zero prior to the imposition of sentence, and, at allocution, she showed both remorse for her actions and a determination to make better decisions in the future.[20]   Therefore, the district court committed plain error that affected Allen's substantial rights, satisfying the first three prongs of the plain-error analysis.[21]   Moreover, we are persuaded that, because

---

[15] *United States v. Prieto*, 801 F.3d 547, 553 (5th Cir. 2015).

[16] *Id.* (internal citations omitted).

[17] *E.g. Gordon*, 838 F.3d at 605; *United States v. Garcia*, 638 Fed. App'x 343, 346–47 (5th Cir. 2016).  Although unpublished opinions are not precedential, they are persuasive. *See Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

[18] *See Prieto*, 801 F.3d at 553.

[19] *See Salazar*, 743 F.3d at 451; *Prieto*, 801 F.3d at 553.

[20] *See Salazar*, 743 F.3d at 451 (citing *Perazza-Mercado*, 553 F.3d at 76).

[21] *See Gordon*, 838 F.3d at 604 (quoting *Garcia-Carrillo*, 749 F.3d at 378).  Indeed, Allen does not appear to be the classic candidate who might benefit from CBT, given her family support system and criminal history.  *See United States v. Siegel*, 753 F.3d 705, 716 (7th Cir. 2014).  The Seventh Circuit has described CBT as not "just for the mentally ill" but rather as an "effective tool to help anyone learn how to better manage stressful life

No. 17-30003

the treatment required to fulfill a CBT condition potentially carries unwarranted stigma, it is appropriate for us to exercise our discretion under the fourth prong of the plain-error analysis.[22]

**IV.**

For these reasons, we VACATE the condition of Allen's supervised release requiring her to participate in cognitive behavioral therapeutic treatment. We REMAND for the district court to reconsider whether to impose the condition and to give reasons if it elects to do so.

---

situations." *See id.* It is appropriate, particularly, in the context of a history of substance abuse and recidivism. *See id.*

Recently, this Court, in *United States v. Beraud*, an unpublished opinion, affirmed the imposition of a CBT condition even where there was no evidence that the appellant suffered from psychological or psychiatric issues. --- Fed. App'x ---, 2018 WL3409603, at *3 (5th Cir. July 11, 2018). The facts of this case are easily distinguishable from those in *Beraud*. Importantly, the district court in *Beraud* articulated a reason for the imposition of CBT—to improve social decision making—that was reasonably related to "at least one" of the statutory factors considered in imposing special conditions. *Id.* Moreover, unlike Allen, the appellant in *Beraud* had a lengthy history of "substance abuse, domestic violence, and criminal behavior demonstrat[ing] anti-social behavior and characteristics that could be effectively addressed by CBT," from which the district court's reasoning could have been inferred even had the district court failed to give a reason. *See id.*

[22] *See, e.g., Gordon*, 838 F.3d at 605; *Garcia*, 638 Fed. App'x at 346–47.